No. 24698.

THE PEOPLE OF THE STATE OF COLORADO *v*.
WALTER EDWARD LEDFORD.
(477 P.2d 374)

Decided November 23, 1970.

DUKE W. DUNBAR, Attorney General, FLOYD MARKS, District Attorney, STANLEY B. BENDER, Deputy, ROBERT J. BRASWELL, Deputy, for plaintiff-appellant.

No appearance for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

THE defendant-appellee was convicted in the Adams County Court of driving while under the influence of intoxicating liquor. His application for probation was granted. As one of the conditions of probation, he was ordered to serve ninety days in the county jail. On appeal, the district court affirmed the conviction, but remanded the case to the Adams County Court for resentencing on its ruling that the Adams County Court lacked statutory authority to impose a ninety-day sentence as one of the conditions of probation. We granted certiorari to review the issue pertaining to the authority of a sentencing court to impose a period of jail confinement as a condition of probation.

196

■ The district attorney on behalf of the plaintiff-appellant argues that the probation and sentence imposed by the county court are proper and that the district court erred in remanding the case to the Adams County Court for resentencing. We do not agree with the district attorney. It is our ruling on this issue that under our probation statute (C.R.S. 1963, 39-16-6), the county court did not have the authority or power to impose a jail sentence as one of the conditions of probation.

■ By its very nature and definition, probation means and signifies liberty under certain imposed conditions. Its basic purpose is to provide a program which offers an offender the opportunity to rehabilitate himself without confinement. This is to be accomplished under the tutelage of a probation officer and under the continuing power of the court to impose a sentence for his original offense in the event he abuses this opportunity and violates the conditions of probation. See the discussion of probation in *Roberts v. United States,* 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41; *Yates v. United States,* 308 F.2d 737.

■ When an accused is granted probation, he is also granted his liberty and freedom from confinement in a jail or penitentiary. Unless there is specific statutory authority to the contrary, a trial court may not on the one hand grant probation and on the other hand impose institutional confinement or a jail sentence as a condition of that probation. Trial courts have a wide discretion in imposing certain conditions upon a probationer, but not included within its discretionary power is the authority to impose jail confinement as a condition.

■ Probation is purely a statutory creation, and, as such, the terms of probation must be derived from the applicable statute. *Archer v. Snook,* 10 F.2d 567, 568. C.R.S. 1963, 39-16-6 is entitled "Probation: Power of court" and provides in part that:

"When it shall appear to the satisfaction of the court that the ends of justice and the best interest of the public, as

well as the defendant, will be best served thereby, *the court shall have the power to suspend the imposition or execution of sentence for such period and upon such terms and conditions in conformity with this article* as it may deem best. Such court, subject to the provisions of this article, may revoke or modify any condition of probation, or may change the period of probation. The period of probation, together with any extension thereof, shall not exceed five years; provided that, the period of probation, together with any extension thereof, for any person adjudged guilty of a misdemeanor shall not exceed one year." (Emphasis added.)

The wording of this statute is very similar to the language of the original federal probation law which provided in part that:

"*The courts* of the United States having original jurisdiction of criminal actions . . . when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby, *shall have* power after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, *to suspend the imposition or execution of sentencing and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best;* or the court may impose a fine and may also place the defendant upon probation in the manner aforesaid. The court may revoke or modify any condition of probation, or may change the period of probation. . . ." 18 U.S.C., 1940 ed., § 724 (Act of Mar. 4, 1925, ch. 521, § 1, 43 Stat. 1259). (Emphasis added.)

The above quoted federal statute has been consistently construed not to authorize making confinement a condition of probation upon a one count indictment or information. *Archer v. Snook, supra.* This statute was amended in 1958 to allow for probation with confinement as a condition under special circumstances. 18 U.S.C. § 3651. The amendment was made on the recommendation

of the 1955 Judicial Conference of the United States. See 1958 U.S. Code Cong. and Adm. News at 3841, 3842.

Among the states which have dealt with the problem, the majority have enacted legislation which specifically authorizes confinement as a condition to probation. California, Delaware, New York, Michigan, Illinois, and Idaho have each enacted legislation authorizing probation with confinement as a condition. See *Franklin v. State*, 87 Idaho 291, 392 P.2d 552 for a relatively recent discussion of the cases in point. Subsequent to the *Franklin* case, Idaho amended its probation statute to allow the courts more flexibility in sentencing. Idaho Code ch. 19, § 2601, *as amended,* (1970 Supp.).

In *Logan v. People*, 138 Colo. 304, 332 P.2d 897, we dealt with the question of whether a trial court was authorized to condition probation upon defendant's furnishing an appearance bond in the amount of $1500. We held that the trial court was not so authorized and stated that: "Since the purpose of probation is educational and reconstructive rather than primarily punitive or oppressive, the program of probation should envisage only such terms and conditions as are clearly and specifically spelled out in the statutes. . . ."

We construe our probation statute (C.R.S. 1963, 39-16-6) as not containing authorization to impose confinement as a condition of probation.

Certainly, the policy of granting probation with a period of confinement as a condition may be argued as being most beneficial under some circumstances. However, this policy and the limits which should be placed upon it are matters properly for the legislature to consider and not for this court to attempt to read into the present statute.

Judgment affirmed.

MR. JUSTICE KELLEY not participating.