557 P.2d 418 (1976)
The PEOPLE of the State of Colorado, Petitioner,
v.
In the Interest of A. F. and W. R., Respondents.
No. C-899.
Supreme Court of Colorado, En Banc.
December 13, 1976.
*419 J. E. Losavio, Jr., Dist. Atty., Charles J. Malouff, Deputy Dist. Atty., for petitioner.
Theodore R. Shaman, Jr., Pueblo County Legal Services, Pueblo, for respondents.
KELLEY, Justice.
The People (petitioner) seek review of a court of appeals decision, People in the Interest of A. F. and W. R., Colo.App., 546 P. 2d 972 (1975), reversing the juvenile court's ruling that respondents, both juveniles, serve weekend jail sentences as a condition of probation. We affirm.
We recognize that juvenile courts have statutory authority to commit adjudicated delinquents to juvenile group care facilities or training schools under the supervision of the department of institutions. Sections 19-3-112 and 113, C.R.S.1973. However, the issue raised by the petition for certiorari is whether a juvenile court has the statutory authority to impose a limited or partial confinement in county jail as a condition of probation for a juvenile under 18 years of age. We hold that a juvenile court does not have such authority.
Petitioners contend that juvenile courts are granted the authority to impose jail time as a condition of probation by sections 16-11-210 and 202, C.R.S.1973. Section 16-11-210 provides, in pertinent part: "[a]ny . . . juvenile court . . . may exercise the powers provided for and granted to district courts in this part 2. . . ." Section 16-11-202, contained in part 2, further provides that:
"the court may grant the defendant probation for such period and upon such terms and conditions as it deems best. . . [T]he court has the power to commit the defendant to any jail operated by the county or city and county in which the offense was committed during such time or for such intervals within the period of probation as the court determines."
Although section 16-11-202 of the Colorado Criminal Code does grant courts the authority to condition probation upon service of sentences in city or county jails, such conditions are clearly in contravention of numerous expressions of legislative intent in the Children's Code.
Section 19-3-113(1) (d) confers upon juvenile courts the power to impose jail sentences on delinquents who are 18 years of age at the time of sentencing. We agree with the majority in the court of appeals that implicit in this statutory grant is the converse, that a juvenile court may not impose a jail sentence on those younger than 18 years of age. Moreover, section 19-3-101(3)(b), C.R.S.1973, specifically allows juvenile courts to impose any conditions set forth in section 16-11-204(2), C.R.S. 1973, none of which provide for jail as a condition of probation.
As noted above, confining juveniles in group care facilities and training schools under the supervision of the department of institutions is authorized by sections 19-3-112 and 113, C.R.S.1973. Section 19-2-103(3) (b), C.R.S.1973, which pertains to detention of juveniles prior to adjudication, provides that juveniles should not be detained in places used for the confinement of adult offenders unless no other suitable place of confinement is available.
The power of a court to impose conditions of probation must be strictly construed from the applicable statutes, People v. Ledford, 173 Colo. 194, 477 P.2d 374 (1970). We must therefore defer to the legislature.
Accordingly, we affirm the court of appeals.
PRINGLE, C. J., does not participate.