DANIEL, Chief Judge.
Defendant, Ernest Nelson Coleman, appeals the sentence imposed after he was adjudicated guilty of violating a condition of his community control. The trial court sentenced defendant to 15 years incarcera *1239 tion under the condition that he serve 2 years incarceration followed by 13 years probation. The defendant argues that, although couched as a condition of probation, the house arrest provision transforms the order of probation into an unlawful defac-to sentence of community control. We agree.
In September of 1988, defendant entered a plea of no contest to one count of unlawful sale and delivery of cocaine and two counts of unlawful possession of cocaine. The trial court placed defendant on community control for a period of two years followed by a period of 13 years probation. Defendant was thereafter adjudicated guilty of violating his community control and sentenced to a term of 15 years imprisonment. The trial court directed that defendant serve the first 24 months thereof with the Department of Corrections and the balance of 13 years on probation. The trial court imposed sixteen conditions on defendant’s probation, one of which was:
15. You shall remain at your approved residence except thirty (30) minutes before [and] thirty (30) minutes after ... the time you are at work or at school. Any other absences from your approved residence must have prior approval in writing from your officer.
Section 948.01(5), Florida Statutes (1988) provides that a term of community control cannot exceed two years. While we recognize that the legislature has given the trial courts broad discretion in determining the terms and conditions of probation,[1] such authorization does not permit the imposition of thirteen years de facto community control. Accordingly, condition 15 of defendant’s probation is vacated and this matter remanded to the trial court for reconsideration. Bentley v. State, 411 So.2d 1361 (Fla. 5th DCA 1982).
Judgment AFFIRMED; sentence VACATED; cause REMANDED.
COWART and GOSHORN, JJ., concur.

. § 948.03, Fla.Stat. (1983).