734 A.2d 684

**Frederick Andrew BAILEY**

v.

**STATE of Maryland.**

**No. 92, Sept. Term, 1998.**

Court of Appeals of Maryland.

Aug. 4, 1999.

Reconsideration Denied Aug. 26, 1999.

Julia Doyle Bernhardt, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

Diane E. Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER, WILNER and CATHELL, JJ.

RAKER, Judge.

In this case we must decide whether home detention, in the absence of express statutory authority permitting such action, can be imposed validly as a condition of probation. We shall hold that in the absence of statutory authority, a trial court lacks power to order home detention as a condition of probation.

Frederick Andrew Bailey was convicted by a jury in the Circuit Court for Anne Arundel County of the offenses of battery, reckless endangerment, theft over $300, and fleeing or eluding police. On the reckless endangerment count, the trial court sentenced Bailey to five years imprisonment, suspending all but eighteen months. On the battery count, the court sentenced Bailey to a concurrent three-year sentence, with all but eighteen months suspended. On the theft count, the court imposed a concurrent three-year sentence, all suspended. Finally, on the fleeing or eluding police count, the court imposed a concurrent six-month term of incarceration, all suspended. The court placed Bailey on supervised probation for five years, to commence when he was released from the Anne Arundel County Detention Center. As a special condition of probation, effective upon Bailey's release from the detention center, the court ordered home detention for a period of twenty-four months. At the time of sentencing the court stated:

In this case I have concluded that it would not serve society, nor would it be of any rehabilitative benefit at this juncture for me to put Mr. Bailey in a prison system with the Commissioner of Correction. But I do believe that it is appropriate and necessary for the sentencing process to incarcerate Mr. Bailey.

\* \* \* \* \*

You will serve home detention for a period of twenty-four months when you are released from the Anne Arundel County Detention Center, commencing upon release from the Detention Center, and you will be subject to all rules and restrictions of the House Arrest Program. You'll be permitted to work. You'll be permitted to do any counseling. You'll be permitted to do any public work that I might order. There is to be no use of any alcoholic beverages or any kinds of drugs. There are certain requirements and rules that you'll be required to follow in order to be on the House Arrest Program. This is a condition of probation. If you violate the House Arrest Program, they will then tell me and you will be back for a violation of probation hearing.

Bailey appealed to the Court of Special Appeals, arguing that the trial court imposed an illegal sentence in imposing house arrest as a condition of his probation. The Court of Special Appeals affirmed. We granted certiorari to consider the issue.

Petitioner argues that confinement on home detention constitutes imprisonment and as such, is an illegal condition of probation. The issue is resolved, he suggests, upon a determination of whether home detention as a condition of probation constitutes a "sentence of confinement" for purposes of Maryland Code (1957, 1996 Repl.Vol., 1997 Supp.), Article 27 § 641A(a).[1] Section 641A(a) permits only five subdivisions, not including Anne Arundel County, to impose as a condition

---

1. Unless otherwise indicated, all statutory references shall be to Maryland Code (1957, 1996 Repl.Vol., 1997 Supp.), Article 27.

of probation a sentence of confinement. According to Petitioner, because Anne Arundel County is not among those counties authorized to impose "a sentence of confinement" as a condition of probation, and because home detention is a "sentence of confinement," the home detention requirement was an impermissible condition of probation. The detriment to Petitioner if we were to uphold the Court of Special Appeals, he argues, would be to deprive him of good conduct credit "mandated by *Dedo* [*v. State*, 343 Md. 2, 680 A.2d 464 (1996) ]" by imposing home detention as a condition of probation, "and thus exceed the statutory maximum punishment for an offense by up to five years." According to Petitioner, the appropriate method to impose home detention is as part of the sentence itself, and not as a condition of probation, thereby ensuring that the inmate would receive all the credit to which he was entitled under § 638C(a) and would not serve a sentence in excess of the statutory maximum.

The State argues that Petitioner's home detention was not tantamount to incarceration or custody. According to the State, § 641A(a), which provides that a court may "place the defendant on probation upon such terms and conditions as the court deems proper," affords the trial court "wide discretion to fashion probationary terms that will best meet the needs of the individual probationer and of society as a whole."

Relying on *Schlossman v. State*, 105 Md.App. 277, 659 A.2d 371 (1995), *cert. dismissed as improvidently granted*, 342 Md. 403, 676 A.2d 513 (1996) and *Balderston v. State*, 93 Md.App. 364, 612 A.2d 335 (1992), the Court of Special Appeals held that "sentencing appellant to house arrest as a condition of his probation does not constitute confinement in a jail-type institution as prohibited in *Stone*, and thus does not constitute an illegal sentence." In *Schlossman*, the court concluded that although confinement in one's home is restrictive, a person's confinement differs from that in a prison or jail in many material respects. *Id.* at 302, 659 A.2d at 383. The court stated:

> While at home, an offender enjoys unrestricted freedom of activity, movement, and association. He can eat, sleep,

make phone calls, watch television, and entertain guests at his leisure. Furthermore, an offender confined to his home does not suffer the same surveillance and lack of privacy that he would if he were actually incarcerated.

We conclude that the restrictions placed on appellant's freedom pursuant to the house arrest program are comparable to, and no more onerous than, the restrictions imposed on the appellant in *Balderston.* Because we determined in *Balderston* that such restrictions did not amount to "custody" for the purpose of granting custody credit under Art. 27, § 638C(a), we conclude that the restrictions placed on appellant in the present case do not amount to 'incarceration' or 'confinement in a jail-type institution' as contemplated in *Stone v. State.*

*Id.,* 659 A.2d at 383.

Probation has been described as the "[w]ithdrawal of autonomy varying with the terms of the probation order; the primary purpose training for conformity." N. MORRIS & M. TONRY, BETWEEN PRISON AND PROBATION, INTERMEDIATE PUNISHMENTS IN A RATIONAL SENTENCING SYSTEM 178 (1990) [hereinafter BETWEEN PRISON AND PROBATION]. Maryland Code (1957, 1997 Repl.Vol., 1998 Supp.), Article 41, § 4–501(6), defines probation as "the conditional exemption from imprisonment allowed any prisoner by suspension of sentence in the circuit court for any county of this State."[2] Intensive supervised probation, implemented in a majority of the states, combines traditional probation with much greater surveillance. *See Developments in the Law—Alternatives to Incarceration,* 111 HARV. L.REV. 1863, 1896 (1998). Morris and Tonry define intensive supervision probation as a more intensive withdrawal of autonomy, with the same back-up purposes as traditional probation but with more imminent threats. BETWEEN PRISON AND PROBATION, *supra,* at 178; *see also,* INTERMEDIATE SANCTIONS IN OVER-

---

2. In the American Bar Association Criminal Justice Standards, former Standard 18–2.3(a) (2d ed.1979), probation was defined as "a sentence not involving confinement which imposes conditions and retains authority in the sentencing court to modify the conditions of the sentence or to resentence the offender if its conditions are violated."

CROWDED TIMES 89–103 (M. Tonry & K. Hamilton, eds., 1995) [hereinafter INTERMEDIATE SANCTIONS]. While intensive probation programs around the country are so diverse that the term "has almost ceased to have useful meaning," a common feature is that more control involving restrictions on liberty of movement, coercion into programs, and employment obligations are exercised over the offender than in traditional probation. BETWEEN PRISON AND PROBATION, *supra*, at 180. Intensive supervised probation generally takes three broad forms: a mechanism for early release from prison;[3] an alternative to incarceration;[4] and a way to provide close controls and surveillance for probationers.[5] The impetus for most of these programs was to give judges authority to impose alternative punishments in order to avoid prison and local jail overcrowding. *Id.*

Probation is a creature of statute, and as such, the terms of probation are derived from statutory authority.[6] In Maryland, a court having proper jurisdiction may grant probation. *See* Art. 27 § 641(a) and § 641A(a). Writing for the Court of Special Appeals, then Chief Judge Wilner, now a member of this Court, explained in *Thomas v. State,* 85 Md.App. 201, 205, 582 A.2d 586, 588 (1990), that probation in Maryland is available as a sentencing alternative in four

---

**3.** *See* N. MORRIS & M. TONRY, BETWEEN PRISON AND PROBATION, INTERMEDIATE PUNISHMENTS IN A RATIONAL SENTENCING SYSTEM 182–83 (1990) [hereinafter BETWEEN PRISON AND PROBATION]; *see, e.g.,* N.J. STAT. ANN. § 2C:43–1 et seq. "Authorized Disposition of Offenders" (West 1998).

**4.** *See* BETWEEN PRISON AND PROBATION, *supra* note 3, at 181–182; *see, e.g.,* GA CODE ANN. § 42–8–20 et seq. "State-wide Probation Act" (1997 & 1999 Supp.); 730 ILL. COMP. STAT. 120 § 1 et seq. "Probation Challenge Program Act" (West 1997 & 1999 Supp.).

**5.** *See* BETWEEN PRISON AND PROBATION, *supra* note 3, at 183.

**6.** Probation in this country seems to have been invented by John Augustus, a Boston shoe cobbler, who went to the Boston Police Court and persuaded the court to release a drunkard into his custody. A. KLEIN, ALTERNATIVE SENTENCING 61 (1989). The first probation statute in this country was enacted in Massachusetts in 1878. *Id.* at 62. Maryland followed in 1894. *Id.; see* 1894 Maryland Laws ch. 402, at 583.

different settings. Under Article 27, § 641(a), after a verdict of guilty and with the defendant's written consent, the court may stay the entering of judgment, defer further proceedings and place the defendant on probation. *Id.*, 582 A.2d at 588. Article 27 § 641A(a) authorizes a court to suspend the imposition of sentence and to place a defendant on probation, impose a sentence but suspend the execution of the sentence in favor of probation, or impose a sentence and suspend execution of a part of the sentence in favor of probation. *Id.*, 582 A.2d at 588.

 A trial court has broad authority to formulate conditions of probation. The power to impose conditions of probation, however, is not unlimited, and thus, the trial court does not have unlimited discretion to order conditions of probation. *See Sheppard v. State*, 344 Md. 143, 685 A.2d 1176 (1996) (holding that the trial judge abused his discretion in requiring, as a condition of probation, that the defendant not operate a motor vehicle even if the MVA restored the defendant's license); *Walczak v. State*, 302 Md. 422, 488 A.2d 949 (1985) (holding that the trial court exceeded its statutory authorization in ordering that the defendant, as a condition of probation, pay restitution to the victim of a crime for which he was not convicted); *Towers v. State*, 92 Md.App. 183, 607 A.2d 105 (1992) (holding invalid a condition of probation that the defendant not work in a pharmacy without the court's permission even if his pharmacy license were restored); *Brown v. State*, 80 Md.App. 187, 560 A.2d 605 (1989) (holding that the trial court abused its discretion in ordering, as a condition of probation, that the defendant pass a polygraph test and repeat her story in court). It is well settled in this State that absent statutory authority, a trial court may not impose imprisonment as a condition of probation. *See, e.g., Flaherty v. State*, 322 Md. 356, 364, 587 A.2d 522, 525 (1991) (holding that the trial court could not have lawfully imposed a sentence of confinement as a condition of probation, and trial court's attempt to circumvent the law by denominating the condition of imprisonment as a "precondition" was ineffective and invalid); *Maus v. State*, 311 Md. 85, 104, 532 A.2d 1066, 1076 (1987)

(stating that a court cannot impose imprisonment as a condition of probation); *Matthews v. State*, 304 Md. 281, 284, 498 A.2d 655, 656 (1985) (holding that sentencing court cannot order probation to begin while defendant is actually serving sentence for same offense); *Thomas v. State*, 85 Md.App. 201, 207, 582 A.2d 586, 589 (1990) (holding that the trial court cannot condition probation before judgment disposition upon the service of a term of incarceration, "even though that incarceration technically was in the nature of pre-trial detention"); *Stone v. State*, 43 Md.App. 329, 335, 405 A.2d 345, 348 (1979) (holding that in the absence of express statutory authority, confinement in a jail-type institution is not an authorized condition of probation).

Today there exists a range of criminal sanctions between traditional probation, on the one end, and confinement in an institution which we think of as jail-like setting, detention center or prison, on the other end. Beginning in the 1960's and continuing up to the present time, broad patterns of sentencing reforms have emerged throughout the United States. *See* BETWEEN PRISON AND PROBATION, *supra*, at 42–56. In response to prison overcrowding, most states have utilized in some form what have become known as intermediate sanctions.[7] *Id.* One of these intermediate sanctions is home detention, which refers to "the confinement of an inmate to his or her home." 75 Md. Op. Att'y. Gen. 373, 374 (1990). Home detention has been defined as "a program of confinement and supervision that restricts the defendant to his place of residence continuously, except for authorized absences, enforced by appropriate means of surveillance by the probation office." U.S. SENTENCING GUIDELINES MANUAL § 5F1.2 *commentary* (1998); *see also* J. Hurwitz, Comment, *House Arrest: A Critical Analysis of an Intermediate–Level Penal Sanction*, 135 U. PA. L.REV. 771, 772 (1987). It has been said of house

---

**7.** Intermediate sanctions include electronic monitoring of probationers, day fine projects, boot camps (short term prisons bearing strict discipline and physical labor requirements), community service programs, day reporting, and house arrest. *See* INTERMEDIATE SANCTIONS IN OVER-CROWDED TIMES *Introduction* (M. Tonry & K. Hamilton, eds., 1995).

arrest that "[i]n view of its diverse purposes, house arrest is most accurately described as a sanction occupying a level of punishment between reformative 'ordinary' probation and retributive incarceration." Hurwitz, *supra*, at 779. Many states and the federal government have enacted legislation permitting home detention as a condition of probation.[8]

We must decide in this case whether home detention, in the absence of explicit statutory authority, is a permissible condition of probation. One student commentator notes:

Where there is no explicit statutory authority to impose house arrest, either as a condition of probation or as a sentence independent of a probationary sanction, appellate courts may find that its imposition constitutes an abuse of judicial discretion. Judges have broad power to formulate conditions of probation, but that power is not unlimited. It is useful to draw an analogy to cases invalidating jail as a condition of probation in jurisdictions where incarceration is not authorized by statute. Lacking the inherent power to

---

**8.** *See, e.g.,* 18 U.S.C. § 3563(b)(1994 & Supp. III 1998); Ariz.Rev.Stat. Ann. § 13–914 (West 1989 & 1998 Supp.); Cal.Penal Code § 1203.016 (West 1999 Supp.); Colo.Rev.Stat. Ann. § 16–11–204(2)(a)(XIII) (West 1998); Fla. Stat. Ann. § 948.01; 948.001; 948.03(2)(b) (Harrison 1998 & 1998 Supp.); Haw. Rev. Stat. § 37–706–624(2)(p) (1999); 730 Ill. Comp. Stat. Ann. 5/5–6–3(b)(10) (West 1997 & 1999 Supp.); Ind.Code Ann. § 35–38–2–2.3(15) (Michie 1998 & 1998 Supp.); Kan. Stat. Ann. § 21–4610(c)(12) and 21–4603(b) (1995 & 1998 Supp.); Ky.Rev.Stat. Ann. § 533.030(6) (Banks–Baldwin 1998); Minn.Stat. Ann. § 609.135 (West 1987 & 1999 Supp.); Mont.Code Ann. § 46–18–201 (1997); Nev.Rev. Stat. § 176A.100 and 176A.440 (1997); N.H.Rev.Stat. Ann. § 651:2(V)(b) (1996 & 1998 Supp.); N.M. Stat. Ann. § 31–21–13.1 (Michie 1978 & 1997 Supp.); N.C. Gen.Stat. § 15A–1343(b1)(3c) (1988 & 1998 Supp.); N.D. Cent.Code § 12.1–32–07(3) (1997); Okla. Stat. Ann. tit. 22, § 1511 (West 1999 Supp.) (authorizing the establishment of criteria for, *inter alia,* probation including house arrest); Or.Rev.Stat. § 137.540(2) (1997); S.C.Code Ann. 24–21–430(10) (Law Co-op 1989 & 1998 Supp.); Utah Code Ann. § 77–18–1(8)(a)(vi) (1995 & 1998 Supp.); W. Va.Code § 62–11B–4(a)(1997 & 1998 Supp.); Wyo. Stat. Ann. § 7–13–1102 (1995 & 1996 Supp.) (authorizing an intensive supervision program including house arrest for probationers and parolees).

Other states authorize incarceration as a condition of probation. *See, e.g.,* Alaska Stat. § 12.55.086 (Michie 1998); Ark.Code Ann. § 5–4–304 (Michie 1997); N.J. Stat. Ann. § 2C:45–1 (West 1995 & 1999 Supp.); S.D. Codified Laws § 23A–27–18.1 (Michie 1998 & 1999 Supp.).

impose probation, some jurisdictions have been reluctant to apply harsh, unauthorized restrictions on probationers: '[J]urisdictions holding that imprisonment is not a valid condition of probation generally rely on the lack of express statutory authority permitting such action.'

*See* Hurwitz, *supra*, at 789 (alteration in original) (footnotes omitted) (quoting *Stone*, 43 Md.App. at 332, 405 A.2d at 347).

The Maryland General Assembly has explicitly authorized courts to impose a sentence of confinement as a condition of probation in some but not all subdivisions. *See, e.g.* Art. 27, Section 639(a)(2); Art. 27, Section 641(a)(1)(i)(2); Art. 27, Section 641A(a)(2).[9] Subsection 641(a)(2) authorizes Courts in Charles County, St. Mary's County, Cecil County, Harford County and Calvert County to impose as a condition of probation a sentence of confinement. *Id.* Thus, if home detention were to be considered a term of confinement, and the terms of the house arrest were reasonable, clearly it would be permissible as a condition of probation in those counties.

 Conditions of home detention vary extensively. The duration of house arrest can range from hours to years. *See, e.g., Yourn v. State,* 579 So.2d 309, 310 (Fla.Dist.Ct.App.1991) (holding that twenty-four years house arrest was illegal under

---

**9.** Subsection 639(a)(2) provides in pertinent part:

> **Section 639. Suspension of sentence generally; orders and terms; minors; intoxicated drivers; weekend confinement in Prince George's County; conviction of controlled dangerous substance offense.**
>
> (a) *Suspension of sentence generally; orders and terms; minors.*
>
> (2) In Charles County, St. Mary's County, and Calvert County, the court may impose a sentence of confinement as a condition of probation.

Subsection 641(a)(1)(i)(2) provides in pertinent part:

> **Section 641. Probation prior to judgment; terms and conditions; intoxicated drivers; violation of probation; fulfillment of terms of probation**
>
> (a) *Probation after plea or finding of guilt; terms and conditions; waiver of right to appeal from judgment of guilt.*
>
> (1)(i)(2) In Allegany County, Calvert County, Charles County, Garrett County, and St. Mary's County, the court may impose a sentence of confinement as a condition of probation.

Florida's Community Control statute); *Coleman v. State,* 564 So.2d 1238, 1239 (Fla.Dist.Ct.App.1990) (holding that Florida's Community Control statute does not permit imposition of thirteen years community control). In the absence of statutory limits, the term of home detention could exceed the maximum statutory limit for incarceration. *See, e.g.,* FLA. STAT. ANN. § 948.01(4) (Harrison 1998) (providing that period of community control cannot exceed two years); N.H.REV.STAT. ANN. § 651:2(V)(b) (1996 & 1998 Supp.) (providing that term of home confinement may not exceed one year for a Class A misdemeanor and five years for a felony). The offender could be required to remain in the home for twenty-four hours, or to be at home for precise times in the evenings or when not engaging in designated activities, *i.e.,* school, employment, community service, religious activities. In other words, sometimes terms of house arrest may be so restrictive that the terms approximate incarceration, albeit outside the prison walls. *See* 76 Md. Op. Att'y. Gen. 110, 113 (1991) (noting that in the sense that a person's liberty is restrained by home detention, that person is incarcerated).

For these reasons, we will not determine on a case-by-case basis whether the particular terms and conditions of home detention imposed as a condition of probation are so onerous as to constitute the equivalent of imprisonment or equate to a "term of confinement."[10] A bright-line rule that in order to impose home detention as a condition of probation, statutory authorization is necessary, will eliminate any uncertainty for trial judges and defendants alike. *See generally* M. Burns, Comment, *Electronic Home Detention: New Sentencing Alternative Demands Uniform Standards,* 18 J. CONTEMP. L. 75 (1992). Judicial economy will also result because courts will

---

**10.** To the extent that *Schlossman v. State,* 105 Md.App. 277, 659 A.2d 371 (1995), *cert. dismissed as improvidently granted,* 342 Md. 403, 676 A.2d 513 (1996), is inconsistent with our holding today, it is overruled. In *Schlossman,* the Court of Special Appeals held that because the house arrest restrictions were not particularly onerous in that particular case, house arrest as a condition of probation was lawful because it was not "incarceration." *Id.* at 303, 659 A.2d at 383.

not have to determine on a case-by-case basis whether the conditions as such amount to confinement, whether the defendant can be punished by escape, and whether the home detention restrictions in one county are permissible and not so in another county. Accordingly, we hold that in the absence of statutory authority, a court in this state may not impose home detention or house arrest as a condition of probation.[11]

---

**11.** We shall address several points raised by the dissent. The disagreement between the majority opinion and the dissent is one of attitude—the dissent basically concluding that from the premise that home detention is a good thing, home detention is a permissible condition of probation. The dissent argues that the General Assembly intended to permit home detention as a probation condition, and alternatively, that it is good for courts to get ahead of legislatures. *See* Diss. op. at 695.

As to the first conclusion, it is clear that the legislature did not *explicitly* authorize home detention as a condition of probation. As to any *implicit* approval, legislative intent is far from clear. Business Occupations and Professions Article § 20–101 et seq. was enacted to regulate and license private home detention operators, and not as a grant of authority for trial judges to impose home detention as a condition of probation. *See* Bill File for Senate Bill 633 (1998); Revised Fiscal Note, Private Home Detention Monitoring Agencies. The statutory language of § 20–401 relied upon by the dissent can as readily be interpreted to refer to those five counties wherein a term of confinement is a permissible condition of probation and not as a broad grant of authority for home detention generally. The second basis is purely a policy consideration and one best suited for the General Assembly. *See State v. Sowell,* 353 Md. 713, 728 A.2d 712 (1999).

The dissent quotes from Northern Kentucky Law Review, *A Brief History of House Arrest and Electronic Monitoring,* for the proposition that "while home confinement has been adopted through the legislative process in certain instances, it has been more common to implement it through administrative or judicial fiat." Diss. op. at 695 (quoting J.R. Lilly & R.A. Ball, *A Brief History of House Arrest and Electronic Monitoring,* 13 N. Ky. L.Rev. 343, 372 (1987)). The article continues as follows:

> This may pose a problem if only because the policy may be altered with every new administrator or judge. *Legislation allows for a full, public debate. This in turn serves to legitimize the practice* and to provide for greater consistency in its implementation.

*Id.* (emphasis added).

The dissent concludes with a call to emotion, arguing that "I am sure literally hundreds of offenders have been so sentenced [to home detention as a condition of probation]." Diss. op. at 697. Whether one offender or one hundred offenders has been sentenced in this fashion has no bearing on whether the General Assembly has authorized home detention as a condition of probation and is thus irrelevant.

As is evident from the enactment of Article 27, § 641A(a)(2), when the General Assembly chooses to permit home detention as a condition of probation, it knows how to do so.

■ As we have noted, the federal government and many states have enacted legislation permitting home detention as a condition of probation. *See, e.g.,* 18 U.S.C. § 3563 (1994 & Supp. III 1998) and U.S. SENTENCING GUIDELINES MANUAL § 5F1.2 (1998) (providing that a court may impose home detention as a condition of probation, but only as an alternative to incarceration); ALA.CODE § 15–18–175 (1995 & 1998 Supp.) (providing that home confinement as a condition of probation is permissible, including a presumption that a person in home detention is entitled to half-credit toward sentencing); 730 ILL. COMP. STAT. ANN. 5/5–6–3 (b)(10) (West 1997 & 1999 Supp.) (authorizing home confinement as a condition of probation and setting forth mandatory conditions of the confinement); IND.CODE ANN. § 35–38–2–2.3(15) (Michie 1998) (authorizing home detention as a condition of probation); S.C.CODE ANN. § 24–21–430(10) (Law Co-op.1989 & 1999 Supp.) (same); UTAH CODE ANN. § 77–18–1(8)(vi) (1995 & 1998 Supp.) (same). A statute can designate the general class of offenders to which home detention is applicable. *See, e.g.,* W. VA.CODE § 62–11B–6 (1997 & 1998 Supp.) (designating when home incarceration may not be ordered). A statute can also permit or prohibit good conduct credit for time served in home detention when imposed as a condition of probation. *See, e.g.,* CAL.PENAL CODE § 2900.5 (West 1999 Supp.) (providing that days served in home detention as a condition of probation shall be credited against defendant's sentence). Solution of this

---

Finally, we address the dissent's criticism that we have confused probation conditioned on a period of confinement in a penal institution with probation conditioned on a reasonable period of home detention monitoring. Diss. op. at 692. We have done no such thing. We reiterate our rationale, not addressed by the dissent: Because home detention may in many cases be the equivalent of a "term of confinement," impermissible in most jurisdictions in Maryland, we will not engage in a case-by-case review to determine if the condition is authorized and simply leave the policy question to the General Assembly, the appropriate forum.

issue by the Legislature is most appropriate and is supported by sound practical reasons. The Legislature is better suited to crafting the limitations of the program and the permissible duration of the home confinement *viz a viz* the maximum period of incarceration. We recognize that home detention might be beneficial in many cases; nonetheless, we believe that "this policy and the limits which should be placed upon it are matters properly for the legislature to consider and not for this court to attempt to read into the present statute(s)." *Stone,* 43 Md.App. at 336, 405 A.2d at 348–49 (quoting *People v. Ledford,* 173 Colo. 194, 477 P.2d 374, 376 (1970)).[12]

 This brings us to the appropriate remedy to be accorded Petitioner. Inasmuch as the trial court imposed a condition of probation not authorized by law, we shall remand this matter for re-sentencing in accordance with law. *See* Md.Code Ann., Cts. & Jud. Proc. § 12–702; Md. Rule 8–604(d)(2). That court may find that the issue in this appeal has been rendered moot; there is evidence in the record that the court issued a summons for violation of probation following Petitioner's arrest for possession of paraphernalia and possession of marijuana. If the trial court finds that the defendant's probation has not been revoked, the court shall strike the home detention as a condition of probation.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT*

---

12. The Maryland General Assembly has authorized the use of home detention in other circumstances. *See* Maryland Code (1957, 1996 Repl.Vol., 1998 Supp.) Art. 27, § 689A (applicable to prisoners serving part or all of a sentence in home detention); Maryland Code (1957, 1997 Repl.Vol., 1998 Supp.) Art. 41, § 4–602A (applicable to parolees or mandatory supervisees in home detention); and Maryland Code (1957, 1997 Repl.Vol., 1998 Supp.), Art. 41, § 4–1401 et seq. (applicable to persons in home detention awaiting trial).

*OF SPECIAL APPEALS TO BE PAID BY ANNE ARUN-
DEL COUNTY.*

RODOWSKY, CHASANOW and CATHELL, JJ., dissent.

CHASANOW, Judge, dissenting:

The majority holds that "in the absence of statutory authority, a trial judge lacks power to order home detention as a condition of probation." I respectfully dissent. The general statutory authority given to judges to impose conditions of probation is broad enough to permit probation with intensive supervision including a reasonable period of home detention monitoring, and no court in any jurisdiction has ever held to the contrary. The issue is one of legislative intent, and our legislature has made quite clear its intent that the authority to impose home detention is included in the authority to impose other conditions of probation.

There are two separate and distinct conditions of probation that the majority seems to confuse. First, probation may be conditioned on a period of confinement in a penal institution. Cases in some states, including Maryland, have held that there must be express legislative approval in order to make incarceration in a penal institution a condition of probation. In Maryland, as will be discussed, this penal incarceration as a condition of probation is only permissible in five designated counties. Second, probation may be conditioned on a reasonable period of home detention monitoring. This is a form of intensive, electronically supervised probation. The majority cites no case from any jurisdiction that requires legislative approval, other than the authorization to impose probation, in order for a court to impose a reasonable period of home detention monitoring as a condition of probation.

## BACKGROUND

In Anne Arundel County there is a program of home detention supervision that is utilized for three types of individuals: (1) as a form of pretrial release for defendants awaiting trial; (2) by the county detention center for committed in-

mates serving their sentences; and (3) for probationers as a condition of probation. There are differences between inmates committed to the detention center who are placed on home detention and inmates on probation who are on home detention as a condition of probation. Among the distinctions are that, if a committed inmate departs from home detention without authorization, the inmate can be guilty of escape. If there are other violations of the rules of home detention by an inmate, then the inmate can be remanded to the detention center without the need for any action by the court. *See Dedo v. State,* 343 Md. 2, 13–14, 680 A.2d 464, 470 (1996). On the other hand, if a probationer on home detention departs without authorization, this would not be an escape under the escape statutes applicable at the time Bailey was sentenced.[1] If a person on probation violates any of the rules of home detention, the remedy is to charge a violation of probation, and a court hearing is necessary to revoke probation.

The sentence meted out to the defendant in the instant case was carefully crafted to punish and rehabilitate. It included a period of incarceration followed by a period of probation. Home detention was expressly made a condition of probation, not part of the period of incarceration. At sentencing the trial judge stated:

"You will serve home detention for a period of twenty-four months when you are released from the Anne Arundel County Detention Center commencing upon release from the Detention Center, and you will be subject to all rules and restrictions of the House Arrest Program. You'll be permitted to work. You'll be permitted to do any counseling. You'll be permitted to do any public work that I might order. There is to be no use of any alcoholic beverages or any kinds of drugs. There are certain requirements and rules that you'll be required to follow in order to be on the House Arrest Program. This is a condition of probation. If you violate the House Arrest Program, they will then tell

---

1. *Cf. Chapter 422 of the Acts of 1999, effective October 1, 1999.*

me and you will be back for a violation of probation hearing."

## CONFINEMENT IN A PENAL INSTITUTION AS A CONDITION OF PROBATION VS. HOME DETENTION AS A CONDITION OF PROBATION

Unquestionably a judge may impose a split sentence of a period of confinement followed by a period of probation, but the states are divided on whether a judge, without imposing a sentence of incarceration, may make a period of incarceration in a penal institution a condition of probation. An article that contains a good survey of the case law in this area is Donald M. Zupanec, Annotation, *Propriety of Conditioning Probation on Defendant's Serving Part of Probationary Period in Jail or Prison*, 6 A.L.R.4[th] 446, § 2[a], at 450–51 (1981). The author summarizes the annotation as follows:

"When a person who has been convicted of a criminal offense is placed on probation, the courts commonly impose conditions with which the probationer must comply during the period of probation or face the prospect of probation revocation. In recent years, an increasing number of courts, in placing persons on probation, have ordered that they serve a period of incarceration in jail or prison as a condition of probation.

Since the power to grant probation depends on statutory authority, it is clear at least as a general rule that some period of incarceration can validly be made a condition of probation when the statute authorizing probation expressly authorizes conditional incarceration. However, where the statute contains only general authority to impose probationary conditions, such as by authorizing probation on such 'terms and conditions as are deemed proper,' the courts have reached different conclusions concerning the validity of incarceration as a condition of probation. On the one hand, a number of courts have taken the position that such a condition is valid, particularly when the period of incarceration is short. However, other courts, generally reasoning that incarceration is contradictory to the basic concept of

probation, have taken the position that, in the absence of express statutory authority, it is not proper to order a probationer to serve a conditional period of incarceration." (Footnotes omitted).

The Court of Special Appeals considered the issue in *Stone v. State,* 43 Md.App. 329, 405 A.2d 345 (1979) stating:

"[W]e conclude that in the absence of express statutory authority, confinement in a jail-type institution, such as the Anne Arundel County Detention Center, is not an authorized condition of probation. Probation by its very nature implies the absence of incarceration. In fact, Article 41, section 107(f) of the Code defines probation as 'the conditional exemption from imprisonment allowed any prisoner by suspension of sentence in the circuit court for any county of this State or in the Criminal Court of Baltimore.'"

43 Md.App. at 335–36, 405 A.2d at 348.

The Court of Special Appeals has recognized that there is a significant difference between incarceration as a condition of probation, which it held was not permissible without further legislative approval, and home detention, which it held was permissible under the general authority to impose conditions of probation. Three years ago, in *Schlossman v. State,* 105 Md.App. 277, 659 A.2d 371 (1995), *cert. dismissed as improvidently granted,* 342 Md. 403, 676 A.2d 513 (1996), a sentence almost identical to the sentence in the instant case was expressly approved by the Court of Special Appeals. That court was careful to point out the distinction between incarceration as a condition of probation and home detention as a condition of probation, stating:

"We do not dispute the well settled rule in Maryland that, absent statutory authority, 'a court cannot impose imprisonment as a condition of probation.' *Maus v. State,* 311 Md. 85, 104, 532 A.2d 1066 (1987)(citing *Stone,* 43 Md.App. at 336, 405 A.2d 345). Unlike the appellant in *Stone,* however, appellant in the case *sub judice* is not subject to 'confinement in a jail-type institution.' *Stone,* 43 Md.App. at 335, 405 A.2d 345. Instead, he is confined to his own residence

whenever he is not working or attending school." (Footnote omitted).

*Schlossman,* 105 Md.App. at 299, 659 A.2d at 382. Prior to *Schlossman,* in *Balderston v. State,* 93 Md.App. 364, 612 A.2d 335 (1992), the Court of Special Appeals held that home detention as a condition of probation was not the same as custody and the defendant is not entitled to credit on his prison sentence for time spent on probation even though on home detention.

## HOME DETENTION AS A CONDITION OF PROBATION

Although the authority to impose conditions of probation is not unlimited, it is quite broad. Maryland Code (1957, 1996 Repl.Vol.), Article 27, § 641A states, "the court having jurisdiction may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the court deems proper." As previously noted, the Court of Special Appeals has held this grant of authority is broad enough to permit intensive supervision including home detention as a condition of probation, albeit not incarceration as a condition of probation. Neither the majority nor any party has cited a single case holding that a reasonable period of intensive supervision, including home detention, requires special legislative authority in addition to the general authority to grant probation. It is also clear that courts throughout the country have been imposing home detention as a condition of probation before there was express legislative approval, and this practice has not been condemned by a single case prior to this Court's decision in the instant case. One law review article written several years ago noted that:

"The first structured implementation of home detention occurred in Albuquerque, New Mexico in 1983. Arizona, California, Illinois, Kentucky, Michigan, Oklahoma, Oregon, and Utah have also experimented with the sanction, although not nearly to the extent of the Florida courts. * * * Utah is the only state that has authorized home

detention by statute. *See* UTAH CODE ANN. § 77–18–1(6)(f)(Supp.1986)."

Fred L. Rush, Jr., *Deinstitutional Incapacitation: Home Detention in Pre–Trial and Post–Conviction Contexts,* 13 N. KY. L.REV. 375, 376 n. 4 (1987). Another article, although recommending legislative implementation, points out that generally home detention is initiated by the courts. "It is important to note that while home confinement has been adopted through the legislative process in certain instances, it has been more common to implement it through administrative or judicial fiat." J. Robert Lilly & Richard A. Ball, *A Brief History of House Arrest and Electronic Monitoring,* 13 N. KY. L.REV. 343, 372 (1987). Thus, courts throughout the country have been imposing home detention without express statutory authority, yet the majority can find no case disapproving a reasonable period of home detention as a condition of probation.

There is good reason why courts, in their efforts to fight crime, should be able to experiment with novel conditions of probation without the need for explicit statutory authority.

> "Indeed, it may be appropriate for trial courts to get out ahead of the legislative discussion. Trial courts, not legislatures, preside over trials of individual defendants and administer justice on a case-by-case basis; legislatures can only prescribe general laws and respond to general concerns. The sentencing expertise of trial courts makes them better suited to lead the debate and to oversee the implementation of alternatives."

*Developments in the Law—Alternatives to Incarceration,* 111 HARVARD L.REV. 1863, 1980 (1998). There is no doubt that home detention can be an effective and desirable condition of probation in some cases. If all courts believed, as the majority believes, that home detention as a condition of probation is improper without express legislative approval, I suspect the use of home detention would have been delayed considerably.

## LEGISLATIVE INTENT

It is obvious from the previously cited decisions of the Court of Special Appeals that for many years trial judges and the intermediate appellate court believed that the broad grant of authority to impose conditions of probation that the judge deems proper included the right to impose home detention. The legislature certainly acquiesced in this interpretation.

The majority discusses Md.Code (1957, 1996 Repl.Vol.), Art. 27, § 639(a)(2), § 641(a)(1)(i)(2), and § 641A (a)(2), *see, e.g.,* § 641(a)(1)(i)(2), which provides in pertinent part: "In Allegany County, Calvert County, Charles County, Garrett County, and St. Mary's County, the court may impose a sentence of confinement as a condition of probation." The majority somehow concludes that these statutes were a grant of authority to impose home detention as a condition of probation in some but not all counties. The majority states: "As is evident from the enactment of Article 27, § 641A(a)(2), when the General Assembly chooses to permit home detention as a condition of probation, it knows how to do so." 355 Md. 299, 300, 734 A.2d 690, 691 (1999). This is a complete misconstruction of the statutes as evidenced by their language and explicit legislative history. Article 27, § 641A(a) was not meant to, and did not in any way, deal with home detention; its purpose was to overrule *Stone, supra,* and permit incarceration in a penal institution as a condition of probation in five counties. The Bill Analysis for Senate Bill 361 clearly and succinctly sets out its purpose and states:

"Under § 641A(a) of Article 27, a court, upon conviction, may suspend the imposition or execution of a sentence and place a defendant on probation upon such terms and conditions as the court deems proper.

In *Stone v. State,* 43 Md.App. 329, 405 A.2d 345 (1979), the Court of Special Appeals held that although § 641A(a) conveys broad discretion on a court to put a defendant on probation on such terms and conditions as the court deems proper, the court's discretion is not unlimited. The court then held that 'in the absence of express statutory authority' confinement in a jail-type institution is not an 'authorized

condition of probation.' This bill is intended to overrule *Stone* and to permit a court to impose a term of imprisonment as a condition of probation."

Long before *Stone*, and long before this legislation was enacted in 1989, the same appellate court that decided *Stone* had approved home detention-type restrictions as conditions of probation. *See Phelps v. State*, 17 Md.App. 341, 303 A.2d 430 (1973)(noting that the court, but not probation agent, may impose the condition of custodial care or treatment); *Sweeney v. State*, 1 Md.App. 233, 229 A.2d 141 (1967)(noting that as a condition of probation, defendant was to spend six months in the Spring Grove State Hospital for treatment of alcoholism). The legislature chose to overrule *Stone* and permit incarceration as a condition of probation in five counties, but certainly did not intend to overrule decisions that permitted home detention-like conditions of probation. This new statute only dealt with confinement in a penal institution, not home detention, and certainly was not intended to reject home detention in all but five counties.

There is no question that the legislature has indicated its agreement with the lower courts that have determined that home confinement was included in the broad grant of authority to impose any conditions the judge deems proper. There should be no need for a statute to reaffirm what the Court of Special Appeals has already held. Further support is found in a statute enacted in 1998. In that year, Senate Bill 633 dealt with private home detention monitoring companies. Home detention was being widely used as a condition of probation, as well as a way of monitoring defendants on pre-trial release pending trial. Its use was so widespread that private companies had begun to do home detention monitoring throughout the state. There was concern that these private companies should be licensed and regulated. Senate Bill 633 was enacted as Md.Code (1989, 1995 Repl.Vol., 1998 Supp.), Business Occupations and Professions Art., § 20–101 *et seq.* Its purpose was to license and regulate private home detention companies. The legislation also spells out some of the duties of these private home detention companies. The portion of this legisla-

tion that is relevant to the instant discussion was enacted as Md.Code (1989, 1995 Repl.Vol., 1998 Supp.), Business Occupations and Professions Art., § 20–401, General responsibilities. That section provides, in relevant part:

> "(c) *Notice to Division of Parole and Probation of missing defendant.*—Upon determining that an individual who is subject to private home detention monitoring as a condition of probation has been missing for 24 hours, the private home detention monitoring agency responsible for monitoring the individual shall, on the next business day, notify the Division of Parole and Probation." (Emphasis added).

That section sets forth one of the duties of a private home detention company that is monitoring someone placed on probation as a condition of probation, but it also shows the legislature's recognition of a judge's authority to impose probation includes the authority to order home detention as a condition of probation. The provision is obviously not intended as a grant of authority to judges. The legislature did not intend that judges could have probationers supervised by private home detention monitoring companies, but not governmental home detention agencies as in the instant case.[2]

The majority recognizes that the issue before the court is one of legislative intent. Did the legislature intend that the broad grant of authority it gave to judges to impose any

---

2. The majority states: "The statutory language of § 20–401 relied upon by the dissent can as readily be interpreted to refer to those five counties wherein a term of confinement is a permissible condition of probation and not as a broad grant of authority for home detention generally." 355 Md. 299, n. 11, 734 A.2d 690, n. 11 (1999). This is erroneous. The legislative history indicates that when the provision regulating private home detention companies was before the legislature, several private home detention companies testified or wrote letters to the legislative committees considering the proposal. None of these private home detention companies that were to be regulated by the enactment were located in the "five counties" referred to by the majority. Thus, it seems clear that the legislature recognized that judges could use even private home detention companies to supervise probationers outside of the "five counties" the majority contends are the only jurisdictions authorized to use home detention as a condition of probation.

condition of probation the judge deems proper include the right to impose home detention as a condition of probation? The wording of the statute would seem to say yes, and every indication we can draw from other relevant legislation would support that interpretation.

It is obvious from the Court of Special Appeals' decisions involving home detention and the legislative history of Md. Code (1989, 1995 Repl.Vol., 1998 Supp.), Business Occupations and Professions Art., § 20–401 that judges have been placing offenders on home detention as a condition of probation for many years, and I am sure literally hundreds of offenders have been so sentenced. I do not believe all of these people have been illegally sentenced or illegally confined to their homes. I respectfully dissent.[3]

Judge RODOWSKY and Judge CATHELL have authorized me to state that they join in the views expressed in this dissenting opinion.

---

3. Apparently the majority is willing to at least recognize that not all forms of home detention are the equivalent of a term of confinement and therefore not all forms of home detention are impermissible. If that is correct, then it would seem the function of the Court would be to determine if the form of home detention used in the instant case is in effect an impermissible term of confinement. Instead of determining whether the home detention in the instant case is one of the "authorized" forms of home detention, this Court says:

> "Because home detention *may in many cases* be the equivalent of a 'term of confinement,' impermissible in most jurisdictions in Maryland, *we will not engage in a case-by-case review to determine if the condition is authorized* and simply leave the policy question to the General Assembly, the appropriate forum." (Emphasis added).

355 Md. at 300 n. 11, 734 A.2d at 691 n. 11. It seems to me that, even if the majority is correct, the Court is abrogating its responsibility when it fails to examine the particular form of home detention imposed in the instant case and fails to determine if it is the equivalent of a "term of confinement." Engaging in such "case-by-case review" is the function of a court.