763 A.2d 737

**Wayne Kelvin HOLMES**

v.

**STATE of Maryland.**

**No. 49, Sept. Term, 2000.**

Court of Appeals of Maryland.

Order Filed Dec. 6, 2000.

Opinion Issued Dec. 20, 2000.

Julia Doyle Bernhardt, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

Kathryn Grill Graeff, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of Maryland, on brief), Baltimore, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and LAWRENCE F. RODOWSKY (retired, specially assigned), JJ.

## PER CURIAM ORDER

The Court having issued a Per Curiam Order and mandate in the above case on December 5, 2000, it is this 6th day of December, 2000,

ORDERED, by the Court of Appeals of Maryland, that the Per Curiam Order and mandate be, and they are hereby, recalled and the following Per Curiam Order is issued in place of the Per Curiam Order dated December 5, 2000 as set forth below:

For reasons to be stated in an opinion later to be filed, it is this 6th day of December, 2000,

ORDERED, by the Court of Appeals of Maryland, that the case be remanded to the Circuit Court for Baltimore City with directions to vacate the home detention as a condition of probation. The judgment of the Circuit Court is otherwise affirmed. Mandate to issue forthwith; costs to be paid by the Mayor and City Council of Baltimore.

RAKER, Judge.

Wayne Kelvin Holmes (Appellant) pled guilty in the Circuit Court for Baltimore City to possession of cocaine with intent to distribute and conspiracy to distribute cocaine. The circuit court sentenced him to eight years imprisonment on each count to be served concurrently, all suspended with three years probation, two of those years to be served in home detention. Appellant filed a Motion to Correct an Illegal Sentence, contending that the trial court lacked the authority to order home detention as a condition of his probation. The motion was denied, and Appellant noted a timely appeal, arguing only the unlawfulness of home detention as a condition of probation. By an Order issued on December 6, 2000, with an opinion to follow, this Court remanded the case to the circuit court with directions to vacate the home detention as a condition of probation, but otherwise affirmed the judgment of the circuit court. We now state our reasons underlying that Order.

On July 7, 1999, Appellant pled guilty to possession of cocaine and conspiracy to distribute cocaine. At the hearing, the following colloquy took place:

[DEFENSE COUNSEL]: If you push that aside, then you have these $50.00 drugs that he had on his person. And they were in his room, and there were no drugs in his brother's room, just the quantity. So I was trying the best I could to preserve his job. I was thinking along the terms of home detention. On the other hand, I appreciate the—
THE COURT: Would he do home detention for two years, though?
[DEFENSE COUNSEL]: Sure, why not?
THE COURT: The programs are designed for—
[DEFENSE COUNSEL]: Oh, yeah. We've done it. In fact, I just did it, I think, in Baltimore County.
THE COURT: Well, offer him eight years. I'll suspend it all, place him on probation for three years on the condition that two years of home detention—
[DEFENSE COUNSEL]: Uh-huh.

\* \* \* \* \* \*

THE COURT: I am also going to order him to pay a fine in the amount of $1,000.00.

[DEFENSE COUNSEL]: That could be through probation, because the home detention is going to cost a little bit.

THE COURT: Okay. Through probation, and he is going to have to participate in the new Break the Cycle Program, which will ascertain whether he has a drug problem or not. If he does have a drug problem, they will just take—it's sort of like the drug treatment program. They have internal sanctions so he doesn't have to come back to court.

[DEFENSE COUNSEL]: When does that start?

THE COURT: July 1.

[DEFENSE COUNSEL]: Oh, so that will do it.

THE COURT: We have a new provision form, and you can read it over, and it tells you all about the program. Plus, he will have to pay court costs over the three years of the program.

[DEFENSE COUNSEL]: Okay.

THE COURT: No mandatory minimum.

[THE STATE]: There is a mandatory. It is my opinion that since the defendant doesn't go to jail, I think it should be in a certain period of time.

THE COURT: Well, are you going to call the mandatory minimum then?

[DEFENSE COUNSEL]: I don't think it's warranted in this case, Your Honor, but I would appreciate—like I said, there is some incarceration in the program, giving him—

[THE STATE]: If I could make a suggestion, I would say eight, suspend all but a year. That would leave [his] job open, giving him time to—

THE COURT: Maybe his job won't be open, and that just puts him back on the street in a place where he's more likely to—

[DEFENSE COUNSEL]: It's very counter-productive.

THE COURT: I'm going to stick with this if you're not going to impose a mandatory. Now, he has to understand,

though, that if he comes back, having violated any of these conditions, he gets eight.

[DEFENSE COUNSEL]: Right.

THE COURT: Okay.

[DEFENSE COUNSEL]: I understand. Now, okay. The only other question I have is, I have not contacted home detention—

THE COURT: Why don't we do this? Why don't we continue the sentencing—

[DEFENSE COUNSEL]: For a couple of weeks?

THE COURT: So, how long do you—well, we will take the plea today for possession with the intent to distribute cocaine.

Following this colloquy, Appellant was sworn and entered his plea of guilty. In the plea voir dire, his counsel asked him: "Has anyone made you any promises other than this plea agreement to get you to plead guilty?" In response, Appellant answered, "No." Appellant signed an order of probation and an agreement to comply with the rules and regulations of the Alert Home Detention Program.

On August 4, 1999, this Court issued its opinion in *Bailey v. State*, 355 Md. 287, 734 A.2d 684 (1999). Based on that decision, and alleging that he was "financially strapped" due to the detention program's $100.00 per week fee, Appellant filed a Motion to Correct an Illegal Sentence. The trial court denied the motion, distinguishing *Bailey* on the ground that Appellant had pled guilty and agreed to the term of probation.

■ This Court granted Appellant's Petition for Writ of Certiorari before consideration in the Court of Special Appeals to consider whether a trial court, in the absence of statutory authority, may order home detention as a condition of probation where the defendant pleads guilty and home detention is imposed pursuant to judgment entered on that plea. We hold that it may not.

In *Bailey*, this Court held that, "in the absence of statutory authority, a court in this state may not impose home detention

or house arrest as a condition of probation." *Bailey*, 355 Md. at 299, 734 A.2d at 690. The Maryland General Assembly has authorized courts to impose a sentence of confinement as a condition of probation in Allegany County, Calvert County, Charles County, Garrett County, Howard County,[1] and St. Mary's County. *See* Maryland Code (1957, 1996 Repl.Vol., 2000 Supp.) Art. 27, § 641(a)(1)(i)(2). Baltimore City is not listed among those jurisdictions. Thus, the offer of the Circuit Court for Baltimore City to permit Appellant to serve a portion of his sentence in home detention was impermissible; the trial court had no authority to impose home detention as a condition of probation, and Appellant's consent could not make lawful that which was beyond the authority of the court.[2]

We reject the State's argument that, although home detention as a condition of probation ordinarily would be illegal, it should be upheld where it is part of a plea agreement.[3] A sentence that is not permitted by statute is an

---

1. After this Court's decision in *Bailey*, the Maryland General Assembly added Howard County to the list of jurisdictions authorized to impose a sentence of confinement as a condition of probation. *See* 2000 Laws of Maryland, Ch. 350.

2. As we stated in *Bailey v. State*, 355 Md. 287, 300, 734 A.2d 684, 691 (1999), the enactment of Art. 27, § 641(a)(1)(i)(2) demonstrates that, when the Legislature chooses to permit home detention as a condition of probation, it knows how to do so. We noted in *Bailey:*

 Solution of this issue by the Legislature is most appropriate and is supported by sound practical reasons. The Legislature is better suited to crafting the limitations of the program and the permissible duration of the home confinement *viz a viz* the maximum period of incarceration. We recognize that home detention might be beneficial in many cases; nonetheless, we believe that "this policy and the limits which should be placed upon it are matters properly for the legislature to consider and not for this court to attempt to read into the present statute(s)." *Stone [ v. State]*, 43 Md.App. [329,] at 336, 405 A.2d [345,] at 348–49 [(1979)] (quoting *People v. Ledford*, 173 Colo. 194, 477 P.2d 374 (1970)).

 *Id.* at 301, 734 A.2d at 691. *Compare* failed House Bill No. 81 *with* failed Senate Bill No. 25 in the 2000 session of the Maryland General Assembly.

3. We note that, throughout this case before the circuit court, the State opposed home detention and requested incarceration. At the hearing

illegal sentence. *See Matthews v. State,* 304 Md. 281, 285–86, 498 A.2d 655, 657 (1985); *Walczak v. State,* 302 Md. 422, 433, 488 A.2d 949, 954 (1985). A defendant cannot consent to an illegal sentence. *See White v. State,* 322 Md. 738, 749, 589 A.2d 969, 974 (1991) (stating that a defendant cannot validate an illegal sentence by consent); *State v. Woody,* 613 N.W.2d 215, 218 (Iowa 2000) (stating that neither party may rely on a plea agreement to uphold an illegal sentence); *State v. Nemeth,* 214 N.J.Super. 324, 519 A.2d 367, 368 (App.Div.1986) (holding that, there can be no plea bargain to an illegal sentence); *McConnell v. State,* 12 S.W.3d 795, 799 (Tenn.2000) (holding that, where plea bargain exceeded maximum sentence available, sentence was a nullity and cannot be waived).

█ We next consider the issue of the appropriate remedy. Appellant does not want to withdraw his guilty plea. Instead, he argues that, inasmuch as he has served approximately sixteen months in home detention, striking the condition of home detention is the proper remedy.

Some courts have determined that providing the defendant with an opportunity to withdraw the plea may be unnecessary if the illegal sentence can be reconciled with the plea bargain or otherwise corrected so as to give the defendant the benefit of the bargain. *See* Christopher Vaeth, Annotation, *Guilty Plea as Effected by Fact that Sentence Contemplated by Plea Bargain is Subsequently Determined to be Illegal or Unauthorized,* 87 A.L.R.4th 384, § 5(c) (1991). At the hearing on Appellant's Motion to Correct an Illegal Sentence, the trial court expressed a willingness to sentence Appellant to six months home detention through the Department of Corrections. Appellant rejected that remedy on the ground that a sentence to the Department of Corrections was an increase in

on the Motion to Correct an Illegal Sentence, the State maintained that there was no plea agreement. We need not determine whether there was a plea agreement in this case because the record clearly reflects that the plea of guilty was conditioned upon the particular sentence. *See generally* Wanda E. Wakefield, Annotation, *Judge's Participation in Plea Bargaining Negotiations as Rendering Accused's Guilty Plea Involuntary,* 10 A.L.R.4th 689 (1981).

the sentence. Under the circumstances presented herein, the proper remedy is to strike the illegal condition of probation. Appellant's sentence can be modified to strike the probationary requirement of home detention, serving the interest of justice without any necessity for withdrawal of the plea. *See* Maryland Rule 8–604; *Flaherty v. State,* 322 Md. 356, 366, 587 A.2d 522, 527 (1991); *Padgett v. State,* 319 Md. 74, 80, 570 A.2d 1226, 1229 (1990); *State v. Gourdin,* 156 Ariz. 337, 751 P.2d 997, 999 (Ct.App.1988) (holding that the appeals court can modify the sentence to give appellant exactly what he bargained for without prejudice to him and without any necessity for withdrawal of the plea). In this case, neither the State nor Appellant would be prejudiced by striking the illegal condition of probation.