PER CURIAM.
Following a hearing on the issue of the effectiveness of defendant Sorey’s trial counsel, the trial court entered an order denying defendant’s Motion to Vacate Judgment and Sentence pursuant to rule 3.850, Florida Rules of Criminal Procedure. Sorey appeals.
We find no merit in defendant’s claim of ineffective assistance of counsel predicated on his attorney’s failure to file a motion to suppress fingerprint standards and on his failure to object to the prosecutor’s closing argument comment on defend *1226 ant’s silence. In order to demonstrate ineffective assistance of trial counsel,* defendant must establish that counsel’s performance was unreasonable under the circumstances of the case and that counsel’s deficiencies prejudiced him. Downs v. State, 453 So.2d 1102 (Fla.1984); Knight v. State, 394 So.2d 997 (Fla.1981). From the record before us, it appears that defense counsel’s failure to move to suppress fingerprint standards was not unreasonable under the circumstances since the state could have obtained this evidence through discovery. In addition, the record indicates that the prosecutor’s statement during closing argument constituted a fair response to defense counsel’s comments rather than an impermissible comment on defendant’s silence. Furthermore, there is no showing that counsel’s actions prejudiced defendant Sorey.
For these reasons, we affirm the order denying defendant’s Motion to Vacate Judgment and Sentence pursuant to rule 3.850.
Affirmed.

 Sorey's convictions were appealed and affirmed in Sorey v. State, 419 So.2d 810 (Fla. 3d DCA 1982).