PER CURIAM.
Mr. Yourn appeals the sentence he received on August 15, 1989, upon a violation of probation. The trial court sentenced him to a twenty-five-year term of probation. The probation was conditioned on one year’s incarceration in county jail. The oral announcement of the sentence also included a condition that the remainder of the term of probation be spent under house arrest. We reverse this sentence in light of the condition of house arrest.
Mr. Yourn’s sentence of probation was a downward departure from the guidelines, which permitted up to nine years’ incarceration. He lacks standing to challenge a downward departure on appeal. Weiner v. State, 562 So.2d 392 (Fla. 5th DCA 1990).[1] Because the underlying offense is robbery with a deadly weapon, there is no dispute that a twenty-five-year term of probation is legal.
The condition of probation requiring twenty-four years of. house arrest, however, is illegal. The trial court orally ordered Mr. Yourn to remain confined to his home except for very limited circumstances. The defense attorney objected to this condition, but the trial court did not sustain the objection. Nevertheless, the trial court’s oral pronouncement is not included in the written order. We address this issue, despite the lack of a writing, since the oral pronouncement of sentence prevails over the written judgment and sentence form, and the condition has been properly challenged. See Jeffrey v. State, 456 So.2d 1307 (Fla. 1st DCA 1984).
Although trial courts have broad discretion in fashioning the terms and conditions of probation, we agree with the Fifth District that this type of house arrest can only be imposed as a condition of community control. Coleman v. State, 564 So.2d 1238 (Fla. 5th DCA 1990). See §§ 948.001, 948.-03(2)(b), Fla.Stat. (1987). As such, it cannot exceed two years. § 948.01(5), Florida Statutes (1987). Accordingly, the oral condition of probation imposing twenty-four years of house arrest was illegal.
On remand, the trial court is authorized to impose reasonable residential confinement as a condition of community control to precede a term of probation upon the requisite findings pursuant to subsections 948.01(3)-(4), Florida Statutes (1987). The *311 maximum two-year period should be measured from Mr. Yourn’s release from county jail without regard to whether the oral condition of probation has been enforced during the pendency of this appeal.
Reversed and remanded.
FRANK, A.C.J., and HALL and ALTENBERND, JJ., concur.

. Issues relating to the precise length and conditions of the defendant's confinement in county jail are moot because the jail term has been completed.