595 So.2d 1057 (1992)
Luis VILLABOL, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02417.
District Court of Appeal of Florida, Second District.
March 11, 1992.
*1058 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wendy Buffington, Asst. Atty. Gen., Tampa, for appellee.
CURRY, CHARLES B., Associate Judge.
Appellant Luis Villabol presents several challenges to the split sentence he currently is serving. We affirm in part and reverse in part.
In 1989, based on two separate incidents, Villabol was charged with aggravated assault and aggravated battery. §§ 784.021, 784.045, Fla. Stat. (1987). In exchange for a plea of guilty Villabol received a two-year term of community control followed by ten years probation. In May, 1990, after one previous violation and reinstatement, Villabol was accused of leaving his residence without permission. Based on this incident the court revoked both the community control and probation. For the offense of aggravated assault the court imposed a prison sentence of four and one-half years, followed by five years probation. A consecutive term of fifteen years probation was imposed for the aggravated battery conviction.
The state confesses error with respect to the first issue raised in Villabol's brief. The sentence for aggravated assault, as presently structured, exceeds the statutory maximum. Since this offense is a third degree felony, the total sanction may not exceed five years. § 775.082(3)(d), Fla. Stat. (1991). Accordingly, we direct the circuit court, on remand, to decrease the probationary portion of the sentence to no more than six months.
Villabol next argues that it was improper to revoke his probation for his failure to remain confined to his residence. He reasons that "house arrest" is not a permissible condition of probation. Yourn v. State, 579 So.2d 309 (Fla. 2d DCA 1991). Instead, this "technical violation ... went only to the aggravated assault charge" for which Villabol originally received community control. We disagree. See Stafford v. State, 455 So.2d 385 (Fla. 1984).
Finally, Villabol questions a number of the conditions imposed in connection with the new term of probation to commence upon his release from incarceration. The state concedes, and we agree, that condition 32, to the effect Villabol may not leave his house without written permission, is illegal and must be stricken. Yourn. If, after remand, the court continues to believe that Villabol should be subject to "house arrest," such confinement may not exceed two years as a condition of community control. Id.
Several other conditions are criticized in the brief. However, none result in an illegal sentence, and they cannot be *1059 reviewed on appeal since Villabol made no contemporaneous objection. McPike v. State, 473 So.2d 291 (Fla. 2d DCA 1985). With regard to certain conditions that Villabol describes as "impermissibly vague," we adopt the state's reasoning that such conditions "are to be interpreted under a common sense standard." Should the state later seek to revoke Villabol's probation for violating these conditions, they recognize that any such violation must be willful. Hudson v. State, 425 So.2d 1166 (Fla. 2d DCA 1983).
Affirmed in part, reversed in part, and remanded with instructions.
FRANK, A.C.J., and THREADGILL, J., concur.