FRANK, Acting Chief Judge.
Willie Gamble seeks relief from the summary denial of his rule 3.850 motion. We find that his motion raises facially sufficient allegations of ineffective assistance of counsel. Hence, we reverse and remand for further proceedings.
Gamble was convicted of several counts of burglary and grand theft and was placed on community control to be followed by a term of probation. During the community control portion of his sentence, an affidavit of violation was filed. After a hearing, Gamble was found to have violated two conditions, i.e., that he was absent from his home without authorization and that he had failed to begin community service. The trial court revoked Gamble’s community control and probation and sentenced him to twenty-five years imprisonment.
Gamble’s initial complaint, that his probation should not have been revoked because it had not yet commenced, is without merit. See Villabol v. State, 595 So.2d 1057 (Fla. 2d DCA 1992). Gamble’s three allegations pertaining to the ineffectiveness of his attorney at the revocation hearing and sentencing are, however, meritorious and provide a basis for 3.850 relief. Grier v. State, 424 So.2d 992 (Fla. 2d DCA 1983).
The affidavit charged Gamble with a violation of community control but he was never properly noticed or formally charged with a violation of probation. He rightly contends that his counsel was ineffective in failing to object to this discrepancy at sentencing. The contention is facially sufficient and, if unrefuted, may require that the finding of a violation of probation be vacated. See Wynn v. State, 591 So.2d 964 (Fla. 2d DCA 1991).
Second, Gamble asserts that his attorney failed to investigate adequately and impeach a key witness, a police officer. The trial court offered to continue the hearing in order to reschedule the deposition of the police officer who had previously failed to attend his deposition. Gamble’s counsel declined the continuance and, after a brief interview of the officer, opted to proceed with the hearing. The officer then testified that he had been on duty on two occasions when Gamble was away from his home without authorization. Gamble alleges that this testimony was inconsistent with the officer’s work time-card, filed with the trial court, but that his attorney had failed to discover this inconsistency due to his cursory investigation of the officer.
Third, Gamble claims that his attorney failed to communicate with witnesses who *1312 could establish that Gamble had, in fact, taken steps towards the completion of his community service. The failure to interview meaningful defense witnesses known to a defendant’s counsel can form the basis for relief. Campbell v. State, 616 So.2d 995 (Fla. 2d DCA 1992).
In sum, we find Gamble’s allegations facially sufficient and, therefore, vacate the trial court’s order and remand for further proceedings consistent with this opinion.
BLUE and QUINCE, JJ., concur.