PER CURIAM.
We affirm the trial court’s finding that appellant had violated his community control, and write to address the propriety of appellant’s sentence.
Appellant was originally sentenced to two years of community control, followed by ten years of probation. Fourteen months later, he was charged with violat *614 ing his community control. The trial court found several violations, and entered an order modifying appellant’s sentence to two additional years of community control followed by eight years of sex offender probation.
Appellant moved to correct his sentence under Florida Rule of Criminal Procedure 3.800(b)(2). As grounds, he argued that under section 948.01(4), 'Florida Statutes (2004), the maximum period of community control that a court could impose is two years, and that he was entitled to credit for the community control he served prior to his arrest on the violation of community control. Over appellant’s objection, the trial court converted the two-year community control sentence into two years of “regular probation” with house arrest as a special condition of probation, to be followed by eight years of sex offender probation.
Section 948.01(4), Florida Statutes (2004) provides that the duration of a community control sentence may not exceed two years. A court may not evade the two-year limit by sentencing a defendant to a term of probation in excess of two years, with a special condition of house arrest. See Villabol v. State, 595 So.2d 1057, 1058 (Fla. 2d DCA 1992); Coleman v. State, 564 So.2d 1238 (Fla. 5th DCA 1990). Against the sentence imposed in response to his motion to correct sentence, appellant is entitled to credit for the one year, ten months and five days that he spent on community control.
Affirmed in part, reversed in part, and remanded.
STEVENSON and SHAHOOD, JJ., concur.
GROSS, J., concurs specially with opinion.