ALTENBERND, Judge.
 

 David C. Mann appeals the trial court’s order summarily denying his motion for postconviction relief that was filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse because the attachments to the trial court’s order do not conclusively show that Mr. Mann is entitled to no relief.
 

 The State filed an information alleging four counts against Mr. Mann. The State charged him with possession and sale of cocaine within 1000 feet of a school on February 17,
 
 2006,
 
 and with possession and sale of cocaine within 1000 feet of a school on March 2, 2006.
 

 At trial, Mr. Mann took the stand and admitted that he had sold cocaine to an undercover police officer on March 2. He denied that he had committed the offense on February 17. At the time of the offense on February 17, he claimed that he was visiting his son, who was seriously ill and in Lee Memorial Hospital. He presented no witnesses or documents to confirm this alibi. His credibility concerning this alibi was undoubtedly affected by his admission that he had committed five prior felonies.
 

 Mr. Mann was convicted as charged and sentenced to four concurrent terms of imprisonment, 180 months on the first-degree felonies and 60 months on the third-degree felonies. He filed an appeal but dismissed the appeal in order to pursue this postconviction proceeding.
 

 In his postconviction motion, Mr. Mann raises several claims, only one of which warrants discussion. He maintains that his lawyer was ineffective because she failed to investigate his alibi for the events on February 17. He claims that his son’s mother, whom he identifies by name, could have provided relevant testimony. He also claims that his lawyer failed to examine the hospital records that would have confirmed his visit and perhaps have provided the identities of nurses or doctors who could have testified in support of his alibi.
 

 Although Mi*. Mann’s motion could be alleged in greater detail, the trial court did not dismiss the motion as facially insufficient. Instead, the trial court denied the motion, attaching major portions of the trial transcript. Concerning the claim that
 
 *895
 
 Mr. Mann’s attorney was ineffective because she failed to call his son’s mother as a witness to support his alibi and failed to .investigate the hospital records, the trial court denied this claim on the theory that the evidence would have been cumulative to Mr. Mann’s testimony and because Mr. Mann “provided no proof’ that the woman would have testified favorably to him. Given that Mr. Mann was confessing to one drug transaction and had five prior convictions, testimony from another witness could have been invaluable to him. Although a motion is more persuasive if it is accompanied by an affidavit from such an overlooked witness, the law does not require a prisoner to support his sworn motion with additional evidence.
 
 See Roundtree v. State,
 
 884 So.2d 322 (Fla. 2d DCA 2004). Thus, the records attached to this order do not refute Mr. Mann’s allegation.
 

 Accordingly, we reverse and remand for further proceedings consistent with this opinion.
 

 Affirmed in part; reversed in part; and remanded.
 

 WALLACE and KHOUZAM, JJ„ Concur.