MORRIS, Judge.
 

 Jesse Delarosa appeals the summary denial of ground (2)(a) of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the postconviction court erred by denying this claim as conclusory, we reverse and remand the denial of that ground. We affirm without comment the denial of all other grounds raised in the motion.
 

 In 2005, Delarosa was convicted of attempted murder of a law enforcement officer and obstructing or opposing an officer with violence. His judgments and sentences were affirmed by this court.
 

 In ground (2)(a) of his postconviction motion, he alleged that his trial counsel was ineffective for failing to impeach a state witness, Deputy Andrew Deluna, with a prior inconsistent statement. Specifically, he asserted that within minutes of his (Delarosa’s) arrest, Deputy Deluna gave a written statement to another officer that he (Deputy Deluna) had been attacked by three Mexican men. Yet at trial, Deputy Deluna testified that he had been confronted only by Delarosa. Dela-rosa contended that if his trial counsel had impeached Deputy Deluna with the prior inconsistent statement, it would have cast doubt on Deputy Deluna’s credibility.
 

 The State responded to this claim by asserting: (1) that it was unaware of any such written statement and (2) that Dela-rosa’s claim was conclusory in nature be
 
 *742
 
 cause Delarosa failed to attach the written statement to his motion.
 

 In summarily denying this claim, the postconviction court agreed with the State’s response and found that “without support that there exists this written statement by which to impeach [Deputy] Deluna, Defendant’s allegation is concluso-ry and must be denied.” In making this determination, the postconviction court erred.
 

 Delarosa’s claim was not conclusory
 
 [1]
 
 for two reasons. First, Delarosa alleged a legally sufficient claim. Delarosa specified what portion of Deputy Deluna’s testimony could have been impeached, and he also specified how he was prejudiced by counsel’s failure to impeach Deputy Deluna with the prior inconsistent statement. Such a claim is cognizable in a rule 3.850 motion.
 
 Cf. Mohr v. State,
 
 17 So.3d 1249 (Fla. 2d DCA 2009) (agreeing that appellant’s claim was legally insufficient where he failed to allege what portions of witness’s testimony could have been impeached or how counsel’s failure to do so affected trial but reversing in part and remanding pursuant to
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007)).
 

 Second, because no evidentiary hearing was held on this claim, the postconviction court was required to accept Delarosa’s allegations as true unless they were refuted by the record,
 
 see Peede v. State,
 
 748 So.2d 253, 257 (Fla.1999), and Delarosa was not required to attach the purported written statement to his motion in order for the claim to be valid,
 
 see Mann v. State,
 
 21 So.3d 894, 895 (Fla. 2d DCA 2009) (“[T]he law does not require a prisoner to support his sworn motion with additional evidence.”).
 

 Here, nothing in the record refutes De-larosa’s allegations, and the State’s bare assertion that it was unaware of Deputy Deluna’s written statement is insufficient to rebut Delarosa’s sworn allegation that such written statement existed.
 
 See Clark v. State,
 
 662 So.2d 729, 730 (Fla. 2d DCA 1995) (holding that State’s response that appellant never sent the State a copy of an interstate agreement on detainers (IAD) request was insufficient to rebut appellant’s sworn allegation that he had advised trial counsel that the time limit imposed by IAD had expired, that he was entitled to dismissal of the charges, and that he sent IAD request to State).
 

 For these reasons, the postconviction court erred by summarily denying ground (2)(a) of Delarosa’s postconviction motion as conclusory. We therefore reverse the summary denial of ground (2)(a) and instruct that on remand, the postconviction court should either attach record documents refuting this claim or conduct an evidentiary hearing.
 

 Affirmed in part; reversed in part; remanded.
 

 FULMER and DAVIS, JJ., Concur.
 

 [1]
 

 . We note that even if this court had determined that ground (2)(a) was conclusory, we would be constrained to reverse and remand for the postconviction court to strike the claim with leave for Delarosa to amend within a reasonable period of time, pursuant to
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007).
 
 See Monroe v. State,
 
 13 So.3d 1083, 1084 (Fla. 2d DCA 2009) (reversing and remanding summary denial of conclusory claim pursuant to Spera).