SILBERMAN, Judge.
Todd Mayes appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Mayes raised twelve grounds and two supplemental grounds regarding his convictions and sentences for burglary of a dwelling with assault or battery, three counts of sexual battery (slight force), attempted felony murder, and false imprisonment. We affirm without comment the summary denial on all but one claim. As to claim twelve, we reverse and remand for the postconviction court to strike the claim with leave to amend within *1213 a reasonable time in accordance with Spera v. State, 971 So.2d 754 (Fla.2007).
Mayes contends that the postconviction court erred in summarily denying ground twelve without giving him an opportunity to amend. He alleged in ground twelve that counsel was ineffective in failing to impeach the victim with her deposition and statements to the police. Mayes alleged that counsel could have impeached the alleged victim “in over twenty-five different key statements given during the course of her testimony.” He further alleged that counsel could have shown on all the key issues that the victim changed her story more than once. The postconviction court determined that Mayes did not specifically allege “which statements counsel should have used for the purposes of impeachment.” The postconviction court denied the claim as conclusory, but the court did not have the benefit of Spera when it made this ruling.
Since Spera, this court has considered a claim of ineffective assistance based on counsel’s alleged failure to impeach a witness with her prior inconsistent statements in Mohr v. State, 17 So.3d 1249 (Fla. 2d DCA 2009). The postconviction court summarily denied the claim, and this court noted that “Mohr ‘did not allege on what portions of the testimony the witness[] could have been impeached or how the failure to do so affected his trial.’ ” Id. at 1249 (alteration in original) (quoting Keevis v. State, 908 So.2d 552, 554 (Fla. 2d DCA 2005)). This court agreed with the posteonviction court that the claim was facially insufficient but reversed and remanded for the postconviction court to strike the claim and give Mohr “leave to amend within a reasonable amount of time in accordance with Spera.” Id.; see also Delarosa v. State, 24 So.3d 741, 742 n. 1 (Fla. 2d DCA 2009) (noting “that even if this court had determined that ground (2)(a) was conclusory, we would be constrained to reverse and remand for the postconviction court to strike the claim with leave for Delarosa to amend within a reasonable period of time” under Spera); Monroe v. State, 13 So.3d 1083, 1084 (Fla. 2d DCA 2009) (reversing summary denial of “conclusory and facially insufficient” claim and remanding in accord with Spera); Baldwin v. State, 978 So.2d 257, 258 (Fla. 2d DCA 2008) (reversing summary denial of claim that counsel was ineffective in not objecting to the prosecutor’s closing argument in which the prosecutor allegedly vouched for the credibility of witnesses and remanding the “conclusory and facially insufficient” claim pursuant to Spera).
Here, the postconviction court denied the claim as “conclusory,” but the claim appears to be similar to the facially insufficient claim in Mohr. Potentially, a claim could be so conclusory and vague as to not warrant amendment, such as a bare assertion that “my counsel was ineffective for not objecting at trial.” However, Mayes’ claim specifically alleged that counsel was ineffective for failing to impeach the credibility of the victim with her deposition and prior statement to the police. Based on Mohr, we reverse the summary denial of ground twelve and remand for the postcon-viction court to strike the claim with leave to amend within a reasonable time in accordance with Spera.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and WALLACE, JJ., Concur.