# Third District Court of Appeal

## State of Florida

Opinion filed December 16, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2060
Lower Tribunal No. 03-23623B

_____

**Christopher Isidore,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Dava Tunis, Judge.

Christopher Isidore, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before WELLS, SHEPHERD and LOGUE, JJ.

SHEPHERD, J.

Christopher Isidore appeals from the denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.

Isidore's Rule 3.850 motion for post-conviction relief raised eleven separate claims of ineffective assistance of trial counsel. Because the trial court denied claims number two and three on the ground that these claims constituted substantive issues which should have been directly appealed, we reverse. Claims of ineffective assistance of counsel for failure to impeach a witness are cognizable in a Rule 3.850 motion. See Lowe v. State, 2 So. 3d 21, 30 (Fla. 2008) (affirming the denial of such a claim based on insufficient prejudice); Delarosa v. State, 24 So. 3d 741 (Fla. 2d DCA 2009) (reversing the denial of such a claim as conclusory); William v. State, 673 So. 2d 960 (Fla. 1st DCA 1996) (disagreeing with trial court's conclusion that the claim was procedurally barred because it could have been raised on appeal). Similarly, a claim that counsel was ineffective for failing to file a motion to suppress may be raised in a Rule 3.850 motion. See, e.g., Johnston v. State, 63 So. 3d 730, 740 (Fla. 2011) (denying, on the merits, post-conviction motion for ineffective assistance of counsel in failing to file motion to suppress); Zanchez v. State, 84 So. 3d 466 (Fla. 2d DCA 2012) (same); Ramos v. State, 559 So. 2d 705 (Fla. 4th DCA 1990) (same); Sorey v. State, 463 So. 2d 1225 (Fla. 3d DCA 1985) (same).

Accordingly, we reverse the denial of claims two and three, and remand for further proceedings. With regard to all other claims, we affirm without further discussion.

Affirmed in part; reversed in part; and remanded for further proceedings.