NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| ZACHARY O. SMITH, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D12-3764 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed January 29, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Collier County; Frederick R. Hardt,
Judge.

Zachary O. Smith, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa,
for Appellee.


PER CURIAM.

Zachary Smith appeals the denial of his postconviction motion filed

pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of his

motion on all grounds except for the summary denial of his claims alleging ineffective

assistance of counsel for failing to impeach the victim's testimony.

The postconviction court summarily denied Mr. Smith's claim that his trial counsel was ineffective for failing to investigate and impeach the victim's account of the acts underlying the charge of lewd and lascivious assault of a minor under the age of sixteen. Mr. Smith also argues that the trial court erred in denying his claim that counsel was ineffective for not investigating and examining the victim's statements to others after the assault. The State did not present any eyewitnesses to or physical evidence of the crime. Because the victim's testimony was the only evidence connecting Mr. Smith to this crime, her trustworthiness was critical to the State's case.

The record excerpts the court attached to its order do not conclusively refute Mr. Smith's claim that he suffered prejudice because trial counsel was ineffective for not impeaching the only eyewitness's statements. See Pierce v. State, 137 So. 3d 578, 582 (Fla. 2d DCA 2014) (reversing summary denial of postconviction motion where record did not conclusively refute movant's claim that counsel was ineffective for failing to impeach the State's only witness—the victim—with prior inconsistent statements); Bulley v. State, 900 So. 2d 596, 597 (Fla. 2d DCA 2004) (reversing summary denial of postconviction motion alleging ineffective assistance of counsel that "identified the witnesses, provided what their testimony would have been, stated that they were available to testify, and alleged that he was prejudiced by their absence at trial").

Accordingly, we reverse the summary denial of these grounds in Mr. Smith's motion and remand for an evidentiary hearing. In all other respects, the postconviction court's order is affirmed.

ALTENBERND, CRENSHAW, and BADALAMENTI, JJ., Concur.

- 2 -