IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PARIS D. EVANS,

      Appellant,

v.                                                                    Case No. 5D16-1033

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed January 13, 2017

3.850 Appeal from the Circuit Court
for Orange County,
Christi L. Underwood, Judge.

Paula C. Coffman, of Law Office of Paula C.
Coffman, Orlando, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Robin A. Compton,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

     Paris D. Evans appeals the summary denial of his motion for postconviction relief

filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to Grounds One

and Three. However, because the record does not conclusively refute Evans' claim that

counsel was ineffective for failing to investigate and call Carmen G. Leite as an alibi

witness at trial, we reverse the summary denial of Ground Two and remand for attachment

of those portions of the record conclusively refuting that claim or for an evidentiary hearing.[1]  See Freeman v. State, 761 So. 2d 1055, 1061 (Fla. 2000) ("[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." (citing Maharaj v. State, 684 So. 2d 726 (Fla. 1996))).

AFFIRMED in part, REVERSED in part, and REMANDED.

PALMER, TORPY and BERGER, JJ., concur.

---

[1]  We note that it is generally necessary to hold an evidentiary hearing to determine why trial counsel did not call a particular witness.  See Jacobs v. State, 880 So. 2d 548, 555 (Fla. 2004); see also Murrah v. State, 773 So. 2d 622, 623 (Fla. 1st DCA 2000) ("[S]ummary denial is rarely appropriate if the trial court needs to assess the credibility of the new testimony."); Evans v. State, 737 So. 2d 1167, 1168 (Fla. 2d DCA 1999) ("A trial court's finding that defense action or inaction is the result of trial strategy will generally be disapproved if the decision is made without the benefit of an evidentiary hearing." (citing Guisasola v. State, 667 So. 2d 248 (Fla. 1st DCA 1995))).  Moreover, a statement of satisfaction with counsel alone is generally insufficient to conclusively refute a claim that counsel was ineffective for failing to call a witness. See Law v. State, 847 So. 2d 599, 600-01 (Fla. 5th DCA 2003).