IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

VINCENT JOSEPH KLAUS,

      Appellant,

v.                                                                          Case No.  5D17-1079

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed January 12, 2018

3.850 Appeal from the Circuit
Court for Osceola County,
Jon B. Morgan, Judge.

Rachael E. Bushey, of O'Brien Hatfield
P.A., Tampa, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.


EDWARDS, J.

      Vincent Klaus appeals the postconviction court's denial of his rule 3.850 motion for

postconviction relief.  Appellant argues that the court erred in denying seven claims of

ineffective assistance of trial counsel.[1]  We affirm in part and reverse and remand in part for attachment of records or an evidentiary hearing.

Following a jury trial, Appellant was convicted of murdering Brian Jarrett.  The facts adduced at trial showed that Appellant, John Mitchell, and Jarrett were doing drugs together at a party.  When Jarrett repeatedly asked Mitchell for more drugs, Mitchell hit him in the face, knocking him out.  Appellant and Mitchell then put Jarrett into the trunk of Appellant's car to scare him.  After they had driven some distance, they pulled the car over, opened the trunk, and both Appellant and Mitchell struck Jarrett.  According to Mitchell, Appellant kicked Jarrett in the chest and stabbed him several times with a knife. Prior to leaving him there, they removed some of Jarrett's clothing so that he would be humiliated if he tried walking along the road.

Mitchell testified that he and Appellant later purchased gasoline at a specific gas station and returned to the crime scene to burn the body.  Mitchell said they then decided to simply hide the body by covering it with vegetation.  Mitchell told the jury that at the time of the killing, Appellant's car had a back seat in place and a trunk liner installed. According to Mitchell, Appellant told him Jarrett had scratched his initials on the inside of the trunk, but Appellant had rubbed them out.

Mitchell's girlfriend, Lindsey Liebl, testified that she found Mitchell on the bed crying and he told her that he "thought we killed Jarrett."  Liebl testified that she overheard Appellant and Mitchell discussing the idea of moving the body and heard Appellant talking

---

[1] Although Appellant raised eight claims in his amended motion for postconviction relief, he only addressed the first seven claims in his initial brief, thereby waiving the eighth.  *See Austin v. State*, 968 So. 2d 1049, 1049 (Fla. 5th DCA 2007).

about Jarrett's initials being scratched into the trunk lid. Liebl threw away the clothes Mitchell wore on the night of the murder.

According to the evidence, Jarrett's remains were located ten days after he was reported missing. His body had been concealed by vegetation and some of his clothes were missing. The medical examiner labeled Jarrett's death a homicide and confirmed that the victim had fractured ribs, but he was unable to determine what the cause of death was because the body was in an advanced stage of decomposition. When the police inspected Appellant's car, the back seat had been removed and there was no trunk liner. Appellant told police he had removed the seat in order to install a stereo. He admitted to police that he had been with Mitchell and Jarrett on the night in question but denied involvement in beating or killing Jarrett.

Mitchell pleaded guilty to manslaughter in return for testifying at Appellant's trial, and his sentence was to serve the time previously ordered for a prior drug conviction. Liebl pleaded guilty to charges of being an accessory after the fact and served forty-one months of incarceration in exchange for her testimony at trial. No other fact witnesses connected Appellant to the beating or murder.

As part of his second claim of ineffective assistance of counsel, Appellant asserts that trial counsel failed to conduct a proper factual investigation. Mitchell testified that he and Appellant went to a gas station where they bought gasoline with the intent to burn the victim's body. Appellant claims that if his lawyer had done a proper investigation, it would have been obvious that they did not purchase any gasoline, and in fact never even went to that particular gas station. Appellant argues that trial counsel could have used that information to effectively impeach Mitchell on an issue that certainly pointed to

3

Appellant's guilt. The postconviction court denied relief as to this second claim, finding whether they had purchased gasoline to be inadmissible, collateral impeachment evidence because Jarrett's body had not been burned.

Section 90.608(5), Florida Statutes (2010), states that any party "may attack the credibility of a witness by . . . [p]roof by other witnesses that material facts are not as testified to by the witness being impeached." Here, if Appellant's trial counsel had investigated Mitchell's claim that he and Appellant bought gasoline to burn Jarrett's body and found evidence to refute Mitchell's claim, counsel could have impeached Mitchell because whether he and Appellant bought gasoline with the intent to burn the body is a material fact. *Cf. Parker v. State*, 20 So. 3d 966, 969-70 (Fla. 3d DCA 2009). This could have made a difference at trial because Mitchell was a key witness for the State, and thus, his "trustworthiness was critical to the State's case." *Smith v. State*, 185 So. 3d 585, 585 (Fla. 2d DCA 2016); *see also Gamble v. State*, 685 So. 2d 1310, 1311 (Fla. 2d DCA 1996).

The portions of the trial transcript the postconviction court attached to its order summarily denying this ground do not conclusively refute this part of Appellant's second claim. Therefore, we reverse and remand for the postconviction court to either attach portions of the record conclusively refuting this claim or conduct an evidentiary hearing.

In claim four, Appellant asserts that trial counsel failed to use available prior inconsistent statements given by Mitchell and Liebl to effectively impeach them. A criminal defendant raises a legally sufficient claim of ineffective assistance of counsel where he or she specifies what portion of a witness's testimony could have been impeached with a prior inconsistent statement and how counsel's failure to impeach

4

prejudiced the defendant. *See Delarosa v. State*, 24 So. 3d 741, 742 (Fla. 2d DCA 2009); *see also Willich v. State*, 79 So. 3d 76 (Fla. 1st DCA 2011).

Here, Appellant cited several examples of prior inconsistent statements that could have been used to impeach Liebl. For example, Appellant explained that, in her first statement to law enforcement, Liebl told police that she never went in Appellant's car and did not know whether or when the back seats had been removed. However, at trial Liebl testified that Appellant's car had back seats before the murder but not after. Likewise, Appellant claims that Liebl originally told police, at least twice, that when Mitchell was crying on the bed, he told her that "*he* might've killed" Jarrett; whereas, at trial she testified that Mitchell said "*we* might've killed" him.

Mitchell told police during his interview that he had been drinking alcohol, smoking weed, and doing crack, Xanax, and other drugs on the night in question, whereas at trial he claimed only to have used marijuana and alcohol. Presenting that prior statement to the jury would have called into question his veracity and raised questions about the extent of his intoxication and ability to perceive and recall the events of that night. Appellant also pointed to several other inconsistent statements given by Liebl and Mitchell which, while not earthshattering, could have undermined their credibility. In this fourth claim, Appellant alleged that it was imperative that trial counsel impeach Mitchell's and Liebl's testimony as much as possible because their testimony was the only evidence that linked Appellant to Jarrett's murder.

The trial court's summary denial of this claim because "counsel conducted a thorough cross-examination of both witnesses, impeaching them on numerous matters" was error. The records the trial court attached do not conclusively refute Appellant's claim

5

that trial counsel was ineffective for failing to impeach the State's two main witnesses, and thus, we reverse and remand for the trial court to either attach records that conclusively refute Appellant's fourth claim or conduct an evidentiary hearing.

In his sixth claim, Appellant argues that trial counsel was constitutionally ineffective for failing to call any defense witnesses. He asserts that his brother was available and would have confirmed that Appellant removed the back seat from his car to install a stereo, rather than to destroy evidence. Appellant also states that Stephanie Feehan observed the victim sitting in the back seat of Appellant's car, which would have contradicted Mitchell's testimony that they put him in the trunk.

In denying the sixth claim, the postconviction court stated:

> At the conclusion of the trial, the Court asked [Appellant] whether he was satisfied with the services of his lawyers and whether there was anything they failed to do, which they should have done. He responded, "I think they did all right." When asked if there was anything they did not do, he admitted, "I don't know." He only offered a vague complaint: "There's a lot of things considering the law that I don't like that certain things can't be brought up, this and that. I feel like it's not fair, but I'm happy with my lawyer, you know."

In *Law v. State*, 847 So. 2d 599 (Fla. 5th DCA 2003), the trial court summarily denied the defendant's motion for postconviction relief that argued trial counsel was ineffective for "failing to interview or call two alibi witnesses to testify on his behalf and support his defense of misidentification." 847 So. 2d at 600. In its order, the trial court "point[ed] out that when the court questioned [the defendant] on his decision not to testify, [the defendant] indicated that the court should let defense counsel do his job and that he felt counsel was representing him 'in the best way he can.'" *Id.* "The trial court found that [the defendant] could have complained of counsel's failure to call witnesses at that point,

6

but failed to do so." *Id.* We reversed the trial court's summary denial because the defendant's "statement indicating satisfaction, made after the state had rested, may have been based on his belief that it was too late to call witnesses" and failure to call alibi witnesses is a facially sufficient claim. *Id.* at 600-01.

Similarly, in the present case, Appellant made a facially sufficient claim. *See Gutierrez v. State*, 27 So. 3d 192, 194 (Fla. 5th DCA 2010). Further, Appellant's "statement indicating satisfaction, made after the state had rested, may have been based on his belief that it was too late to call witnesses." *Law*, 847 So. 2d at 600. This court has stated, "[A] statement of satisfaction with counsel alone is generally insufficient to conclusively refute a claim that counsel was ineffective for failing to call a witness." *Evans v. State*, 210 So. 3d 704, 705 n.1 (Fla. 5th DCA 2017) (citing *Law*, 847 So. 2d at 600-01). Therefore, because the court did not attach portions of the record to sufficiently rebut Appellant's claim nor did it grant an evidentiary hearing on this claim, we reverse and remand claim six of Appellant's motion for the postconviction court to either attach portions of the record to rebut Appellant's claim or grant an evidentiary hearing on the claim. *See Kearse v. State*, 876 So. 2d 1291, 1292 (Fla. 5th DCA 2004); *see also Evans*, 210 So. 3d at 705 n.1.

After a thorough review of the record, we affirm as to Appellant's other four claims. We reverse and remand the court's order denying Appellant's second, fourth, and sixth claims with instruction for the postconviction court to either attach records that conclusively refute the claims or to conduct an evidentiary hearing.

AFFIRMED IN PART, REVERSED IN PART WITH INSTRUCTIONS.

SAWAYA and BERGER, JJ., concur.

7