# First District Court of Appeal
## State of Florida

_____

No. 1D17-2825
_____

THURSTON MCBRIDE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

August 7, 2018

PER CURIAM.

Appellant, Thurston McBride, appeals the trial court's Order Denying Motion for Post-Conviction Relief, challenging the trial court's ruling on four claims of ineffective assistance of counsel. For the reasons that follow, we agree with Appellant that he is entitled to reversal as to his claim that trial counsel was ineffective in failing to investigate and introduce into evidence the victim's school attendance records. We otherwise affirm.

Appellant was tried and found guilty of sexual battery on a child under twelve by a defendant eighteen years of age or older. The victim, who was thirteen years of age at the time of trial, testified that Appellant, who had been married to the victim's godmother, sexually battered him on one occasion while Appellant

lived with the victim, his godmother, and his godsister. The victim further testified that he did not know when the abuse occurred. When the victim was eleven, he disclosed the abuse to his mother, with whom he was then living, and a child protection team member. He testified that both his godsister and godmother were aware of the abuse, that his godsister tried to get into his room when the abuse was occurring, and that she subsequently told Appellant to "get out." When asked if he started skipping school after the incident, the victim affirmatively responded. When asked why, he replied, "Because I was just afraid of the world." During his interview with a child protection team member, which was played before the jury, the victim claimed that the incident occurred when he was five years of age and that his godsister picked his lock when the abuse was occurring and began arguing with Appellant. When asked how he felt about his godmother's advice to let God handle it, the victim stated, "I just went to my room. I didn't go to school." When asked how long he did not go to school for, he replied, "Well, I skipped school for two weeks." He further stated, "I used to get on the bus to go to school. When I got to school, I used to leave." When asked if anyone ever found out about his skipping school, he replied, "No." When asked what got him to return to school, he stated, "Because I was thinking that I was never going to get an education and I just need to get over it." He further stated during his interview that Appellant returned to his home "[l]ike a year . . . later" when the victim was "like six or seven." After stating that Appellant had previously whipped him and physically abused him with his fists, the victim claimed that Appellant, when he returned to his home, abused him so bad that he could not stand. The victim claimed that he did not go to school for two weeks because he was in the hospital. The State did not present any hospital records to verify this testimony.

During the defense's case, both the victim's godsister and godmother testified that they knew nothing about the alleged abuse. The victim's godsister denied picking the victim's lock or arguing with Appellant, and both women testified that they would have called the police had they known about any abuse. The victim's godmother further testified that she last saw Appellant in 2004. During his closing argument, trial counsel stated in part, "Now, [the victim] told you on – he told Ms. Lustgarten at CPT that right after the incident, he would skip school as a five year old. He

2

would skip school. But he decided to go back to school because he thought he needed to get an education. As a five year old, he made that conscious decision." After the jury found Appellant guilty as charged, the trial court sentenced him to a mandatory life sentence. In his direct appeal, Appellant argued that the trial court reversibly erred in allowing the State to cross-examine him and the victim's godmother concerning inadmissible collateral crime evidence. We per curiam affirmed Appellant's conviction and sentence. *McBride v. State*, 123 So. 3d 564 (Fla. 1st DCA 2013).

In his Second Amended Motion for Postconviction Relief, Appellant raised nine claims, only four of which are at issue in this appeal and only one of which merits discussion. In Ground 1, Appellant alleged that trial counsel was ineffective in failing to investigate and introduce into evidence the victim's school attendance records.

During the evidentiary hearing, postconviction counsel moved the victim's school records into evidence without objection. The records consisted of the victim's elementary school "Pupil Progress Report Cards (K through 2nd grade)." The records show that the victim had one to three absences in various quarters over the three years. Trial counsel testified that he believed he had enough evidence to impeach the victim at trial and that he unsuccessfully tried to get in touch with the victim's teacher. When asked if he did not seek the school records because he did not think they were that big of an issue, he replied, "Again, I don't remember here making a tactical decision one way or the other about the school records."

In the Order Denying Motion for Post-Conviction Relief, the trial court noted in part as to Ground 1, "There was only one mention of the victim missing school and that was the victim's statement during the CPT interview . . . . Based on all of the evidence, the Court finds that counsel's representation did not fall below an objective standard of reasonableness. Additionally, the Court finds [Appellant] has failed to show any prejudice." Appellant moved for a rehearing, arguing in part that, contrary to the trial court's finding, the fact that the victim missed school was

mentioned on more than one occasion at trial. The trial court denied the motion without comment. This appeal followed.

In order to establish a successful ineffective assistance of counsel claim, a defendant must show that counsel's actions or omissions were deficient and that the deficiency so affected the proceeding that confidence in the outcome is undermined. *Johnston v. State*, 70 So. 3d 472, 477 (Fla. 2011) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). When assessing alleged deficiency, a court must determine whether the identified acts or omissions were outside the wide range of professionally competent assistance. *Johnston*, 70 So. 3d at 477. There is a strong presumption that counsel's actions were reasonable. *Id.* "'[S]trategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct.'" *Id.* (Citation omitted). "[C]ourts should make 'every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Pennington v. State*, 34 So. 3d 151, 155 (Fla. 1st DCA 2010) (quoting *Evans v. State*, 975 So. 2d 1035, 1043 (Fla. 2007)). The prejudice requirement is satisfied if there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "one sufficient to undermine this Court's confidence in the outcome of the trial . . . ." *Simmons v. State*, 105 So. 3d 475, 498 (Fla. 2012). In reviewing a decision of the postconviction court denying claims after an evidentiary hearing, an appellate court reviews the trial court's findings of fact under the competent, substantial evidence standard of review. *Reynolds v. State*, 99 So. 3d 459, 486 (Fla. 2012). A trial court's application of the law to the facts is reviewed de novo. *Id.*

Appellant is correct that the trial court's finding that the victim's act of skipping school was only mentioned once during trial is not supported by competent, substantial evidence. While, as the trial court set forth, the victim stated during his child protection team statement that he skipped school after the sexual abuse, he was also asked during trial whether he skipped school after the incident. The victim affirmatively responded before

4

testifying that he was "just afraid of the world." Moreover, the victim claimed during his interview that he skipped school for two weeks approximately a year after the sexual abuse as a result of Appellant's physical abuse.

As for trial counsel's alleged ineffectiveness, although counsel testified during the evidentiary hearing that he believed he had sufficient evidence with which to impeach the victim's credibility, he also testified that he unsuccessfully sought to contact the victim's teacher. Indeed, trial counsel thought it important enough to mention the victim's claim of skipping school during his closing argument at trial and to question a five-year-old's ability to make the conscious decision to return to school based on his belief that he needed an education. Yet, had trial counsel obtained the victim's school records, the victim's claim that he skipped school following the abuse could have been discredited rather than it simply being implied during the defense's closing argument that the victim's claim was unreasonable and fabricated. Not only is this a situation where the only evidence against Appellant came from the victim, but the victim claimed to have skipped school as a direct result of the sexual abuse. Therefore, as Appellant asserts, whether the victim skipped school was a pivotal issue in this case.

Moreover, to the extent that the State attempts on appeal to characterize trial counsel's failure to acquire the victim's school records as a tactical decision, trial counsel offered no such testimony. Instead, he testified that he did not recall making a tactical decision one way or the other about the school records. For these reasons, we agree with Appellant that trial counsel's failure to investigate the victim's claims about skipping school and to obtain the victim's school records was deficient. *See Jennings v. State*, 123 So. 3d 1101, 1118 (Fla. 2013)(holding that trial counsel was deficient in failing to adequately investigate and impeach a State witness where "counsel deprived the jury of the ability to make a fully informed decision about [the witness's] credibility," noting that there was no suggestion that trial counsel had any strategic reason to limit his cross-examination of the witness, and setting forth, "[G]iven the available impeachment evidence and the incriminating nature of [the witness's] testimony, trial counsel's failure to adequately prepare for and cross-examine [the witness] was deficient performance").

5

As for whether Appellant was prejudiced by counsel's deficiency, the records showed that, contrary to the victim's claim that he skipped school for two weeks, he missed at most one to three days per quarter for the years in question. Given that the victim's credibility was the key issue in this case, we find that the failure to investigate and obtain the victim's school records is sufficient to undermine confidence in the outcome of the trial. We, therefore, conclude that Appellant has demonstrated the requisite prejudice to obtain postconviction relief. *Cf. id.* at 1120 (holding that trial counsel's deficiency did not prejudice the appellant where the statements at issue did not represent the only evidence against the appellant and where the State presented considerable other evidence of the appellant's guilt such that trial counsel's failure to impeach a State witness did not undermine confidence in the jury's guilty verdict).

Accordingly, we reverse the order on appeal as to Ground 1 and remand for a new trial.

AFFIRMED in part, REVERSED in part, and REMANDED for a new trial.

WOLF, LEWIS, and RAY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Rachael E. Reese of O'Brien Hatfield, P.A., Tampa, for Appellant.

Pamela Jo Bondi, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.