# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2023-2570
LT Case No.  2018-CF-314-A

_____

LATHOMAS S. DENNIS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.850 Appeal from the Circuit Court for Duval County.
R. Anthony Salem, Judge.

Robert David Malove, of the Law Office of Robert David Malove,
Ft. Lauderdale, for Appellant.

Ashley Moody, Attorney General, and Robert Charles Lee,
Assistant Attorney General, Tallahassee, for Appellee.

May 3, 2024

LAMBERT, J.

Lathomas Dennis appeals the summary denial of his Florida
Rule of Criminal Procedure 3.850 motion for postconviction relief
in which he asserted two grounds of ineffective assistance of his
trial counsel.  We affirm, without discussion, the postconviction
court's denial of ground two.  For the following reasons, we reverse

the summary denial of ground one of Dennis's motion and remand for further proceedings.

## BACKGROUND

Dennis was charged with four counts of attempted second-degree murder and one count of shooting or throwing deadly missiles into an occupied vehicle. Following a jury trial, he was convicted of the lesser included offenses of attempted manslaughter by act and convicted, as charged, of shooting or throwing deadly missiles into an occupied vehicle. Dennis's convictions and sentences were affirmed on direct appeal without opinion. *Dennis v. State*, 314 So. 3d 1257 (Fla. 1st DCA 2021).

Dennis argued in ground one of the subject motion that his trial counsel was ineffective because he failed to investigate and thereafter introduce critical impeachment evidence concerning Megan Gaylord, who was one of the victims and was the only witness who identified Dennis at trial as the shooter. Gaylord testified that she knew Dennis because they went to middle school together and they also had sexual relations, a fact later mentioned by the prosecutor during closing argument. In his sworn motion, Dennis asserted that these facts were untrue and that counsel's failure to impeach this key witness prejudiced him because it allowed Gaylord's identification of him based on their prior history to essentially remain unchallenged.

In denying this ground of the motion, the postconviction court did not attach any records to its order. Instead, the court concluded that this evidence on how Gaylord became acquainted with Dennis was immaterial or insignificant and, therefore, counsel's performance in not challenging or attempting to impeach this testimony was not deficient.

## ANALYSIS

"In order to establish a successful ineffective assistance of counsel claim, a defendant must show that counsel's actions or omissions were deficient and that the deficiency so affected the proceeding that confidence in the outcome is undermined." *McBride v. State*, 252 So. 3d 389, 392 (Fla. 1st DCA 2018) (citing

*Johnston v. State*, 70 So. 3d 472, 477 (Fla. 2011)). "To uphold the . . . summary denial of claims raised in a [rule] 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record." *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999) (citation omitted). If the denial of the motion is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief must be attached to the final order. *See* Fla. R. Crim. P. 3.850(f)(5).

Dennis is correct that a "failure to impeach a key witness may constitute ineffective assistance of counsel." *Hipley v. State*, 333 So. 3d 1194, 1197 (Fla. 5th DCA 2022) (citing *Bentley v. State*, 867 So. 2d 515, 516 (Fla. 1st DCA 2004)). Dennis alleged in his motion that impeachment was important because there was no DNA, fingerprint, or gunshot residue evidence implicating him in the crimes charged; he made no confession; and there were no witnesses, other than Gaylord, who placed him at the scene of the crime. Where, as here, no evidentiary hearing is held on a rule 3.850 motion, these factual allegations must be accepted as true, to the extent that they are not refuted by the record. *Colon v. State*, 909 So. 2d 484, 489 (Fla. 5th DCA 2005) (citing *Peede*, 748 So. 2d at 257).

From these allegations contained in Dennis's motion, the credibility of the State's key witness, Gaylord, would have been a critical factor for the jury when assessing his guilt. *See Klaus v. State*, 236 So. 3d 483, 486 (Fla. 5th DCA 2018) (recognizing that the impeachment of a State's key witness could have made a difference at trial when "his 'trustworthiness was critical to the State's case'" (citations omitted)).

We disagree with the postconviction court's conclusion in its order that how Gaylord became acquainted with Dennis was immaterial. Gaylord's positive identification of Dennis as the shooter may very well have carried more weight with the jury based on their prior history than if the two had never previously met. Furthermore, the reliability of Gaylord's testimony may have been adversely impacted if her stated basis on direct examination of knowing Dennis since middle school had been impeached for

3

being untrue.[1] *See Jennings v. State*, 123 So. 3d 1101, 1118 (Fla. 2013) (recognizing that counsel's failure to adequately investigate and impeach a State's witness "deprived the jury of the ability to make a fully informed decision about [the witness's] credibility"). With no transcript of Gaylord's trial testimony attached to the denial order, the extent of Dennis's counsel's efforts at effectively impeaching Gaylord's testimony is unknown based on the instant record.

Accordingly, because Dennis's claim in ground one is facially valid and has not been conclusively refuted by the record, we reverse the order summarily denying ground one and remand for the court either to hold an evidentiary hearing or to attach additional records that conclusively refute this claim.

AFFIRMED, in part; REVERSED, in part, REMANDED for further proceedings.

BOATWRIGHT and KILBANE, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

---

[1] Gaylord was eighteen years old at the time she testified at Dennis's trial, and middle school would not have been that distant in her past.